[Cite as *State v. Southam*, 2012-Ohio-5943.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,            CASE NO.  7-12-04

    v.

WILLIAM I. SOUTHAM, JR.,          **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 11 CR 0058

**Judgment Affirmed**

**Date of Decision:  December 17, 2012**

APPEARANCES:

    *Nicole M. Winget* **for Appellant**

    *John H. Hanna* **for Appellee**

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, William Southam ("Southam"), appeals the judgment of the Henry County Court of Common Pleas, after a jury found him guilty of breaking and entering and possession of criminal tools. On appeal, Southam contends that the trial court should have granted its motion for a mistrial because of the alleged improper testimony of evidence of prior bad acts, and he contends that the trial court abused its discretion when it denied Southam's request for a continuance. For the reasons set forth below, the judgment is affirmed.

{¶2} During the early morning hours of July 16, 2011, at approximately 2:30-3:00 a.m., deputies from the Henry County Sherriff's Department were patrolling in the vicinity of Liberty Center because of recent break-ins in that area. Deputy Marc Ruskey observed a man wearing heavy, dark clothing and gloves, who was moving suspiciously among the units at a self-storage facility. Deputy Ruskey called in additional deputies for assistance and continued to observe the suspect, who was later identified as Southam. Deputy Ruskey watched Southam as he stopped in front of several of the individual storage units. Deputy Ruskey heard rattling sounds, as if he was trying to gain entry to the units, and he observed Southam open the door to storage unit number 66 and step inside.

{¶3} Deputy Ruskey announced his presence and began to approach, but Southam fled on foot and a chase ensued. Less than a minute later, Southam was

apprehended and handcuffed by Deputy Shawn Wymer, who had responded to the call. Southam was placed into Deputy Sean Walker's patrol car and returned to the location of unit 66. Southam had a flashlight with him and heavy-duty bolt cutters were found on the ground just outside unit 66 where Southam had been. Several other padlocks were found broken and on the ground by other units throughout the storage facility.

{¶4} Southam was advised of his *Miranda* rights and was questioned about his activities and asked whether anyone else was involved. Southam stated that he was alone. When Deputy Ruskey asked him which units he had gone into, he told the deputy, "Just the one you caught me in." (Tr. 152; 195) It was later discovered that nineteen storage lockers were broken into and some of them had missing items. (Tr. 140)

{¶5} On August 2, 2011, the Henry County Grand Jury returned a seven-count indictment, charging Southam with one count of possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree, and six counts of breaking and entering, specifying unit number 66 and five of the other units, in violation of R.C. 2911.13(A), also felonies of the fifth degree,

{¶6} A two-day jury trial was held on January 3 and 4, 2012. Just prior to the commencement of the trial, the State announced that it was dismissing five of the six counts of breaking and entering, and only proceeding to trial with count

one, the possession of criminal tools, and count two, breaking and entering of unit 66. Southam's attorney did not object to the dismissal of the five counts, but he requested a continuance. The attorney claimed he needed additional time to prepare for trial because the five counts that were dismissed were relevant to the remaining proceedings and affected the defense that had been prepared. The trial court denied the motion for a continuance.

{¶7} The three deputies who were involved in the arrest that evening and in the investigation testified at trial. Kyle Kern, the owner of the storage facility, also testified. In addition to owning the facility, Kern had been using several of the units for the storage of his own property, including unit number 66.

{¶8} The jury also heard the testimony of Detective Sergeant Kevin Shultheis, the evidence officer who testified as to the chain of custody for the broken padlock, the bolt cutters, and the flashlight that were admitted as exhibits. Pictures of the storage unit, the broken padlock, and the bolt cutters were also offered into evidence.

{¶9} The defense did not offer any witnesses, but attempted to discredit the State's witnesses on cross-examination with questions suggesting that there may have been another suspect involved. The defense also elicited testimony from the deputies indicating that, although some items were reported as missing from other

storage units, the deputies did not find any missing goods in Southam's possession.

{¶10} The jury found Southam guilty of both counts. On February 9, 2012, the trial court sentenced Southam to twelve months in prison on each of the two offenses, with the sentences to be served consecutively. Southam was given credit for the 198 days he had already served.

{¶11} It is from this judgment that Southam now appeals, raising the following three assignments of error for our review.

**First Assignment of Error**

**The trial court erred to the detriment of [Southam] when it failed to take any steps to cure a violation of the Ohio Rules of Evidence.**

**Second Assignment of Error**

**The trial court erred when it failed to declare a mistrial when mention of prior bad acts of [Southam] were made by a witness.**

**Third Assignment of Error**

**The trial court abused its discretion when it denied [Southam's] request for a continuance.**

{¶12} The first two assignments of error are related and involve the same facts, so we shall address them together. During Deputy Walker's testimony about what occurred after Southam was apprehended, Deputy Walker stated that he learned that Southam "ended up having a couple of warrants." Southam's attorney

immediately objected to this statement and moved for a mistrial. The trial court sustained the objection, but denied the motion for a mistrial, stating that the jury instructions should cure the issue. On appeal, Southam claims that (1) the trial court erred by not giving specific curative instructions to the jury concerning the mention of Southam's "prior bad acts," allegedly in contravention of Evid.R. 404(B); and (2) the trial court should have declared a mistrial because the deputy's statement prejudicially affected Southam's substantial rights.

{¶13} The Ohio Rules of Evidence state, in part, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity herewith." Evid.R. 404(B). A trial court may not admit evidence that tends to show that the defendant committed a crime entirely independent of the offense for which he is on trial. *State v. Breedlove*, 26 Ohio St.2d 178, 183 (1971).

{¶14} In this case, the trial court did not admit the statement made by the deputy; it immediately sustained the objection to the questionable testimony. At issue is the following exchange, which occurred during the direct examination of Deputy Sean Walker, who was involved in the apprehension of Southam.

Prosecutor: And was there any additional questioning beyond that?

Deputy Walker: Not that I'm aware of.

Prosecutor: After Deputy Ruskey finished questioning the suspect, what happened next?

> Deputy Walker: I continued pulling him up,[1] he ended up having a couple of warrants when I ran him . . .
>
> Defense Counsel: Objection your honor.
>
> The Court: Sustained.
>
> Defense Counsel: I move for an immediate mistrial.
>
> The Court: Overruled.

(Tr. 152-153)

{¶15} After the foregoing exchange, the trial court removed the jurors from the courtroom and entertained defense counsel's motion for mistrial. Following arguments from the State and defense counsel, the trial court denied the motion for a mistrial. The trial court reasoned that the statement was made inadvertently, there was no dwelling on the matter, the objection was sustained, and the curative instructions which are part of the standard jury instructions to disregard any statements which the trial court has sustained any objections, should be sufficient to cure any prejudice that might have arisen. (Tr. 155)

{¶16} After explaining its reasoning and intentions, the trial court addressed defense counsel and specifically asked him whether he would like an immediate curative instruction. Defense counsel deferred to the court's discretion, and the trial court indicated that the standard instructions provided at the end of

---

[1] This refers to the fact that the deputy was in the process of checking Southam's identification with dispatch.

the trial would be sufficient to resolve any further concerns, since an objection to the testimony had already been raised and sustained.

{¶17} Now, in his first assignment of error, Southam argues that the trial court erred by not offering a specific curative instruction to the jury. He contends that the trial court's failure to take appropriate steps following the deputy's testimony led to the jury being prejudiced against him. We find that this argument fails for several reasons.

{¶18} First, we question Southam's assertion that the testimony was in violation of the rules of evidence. In *State v. Fairley*, 3d Dist. No. 5-03-41, 2004-Ohio-2616, this Court reviewed a similar situation in which the existence of active warrants for the arrest of the defendant was mentioned in front of the jury three times. Similar to the situation in this case, the deputy testified that: "I returned to my patrol car, and I checked Mr. Owen's driving status through our dispatcher as well as checked for any warrants on [the defendant]." *Id.* at ¶ 30. When asked if he found any active warrants for the defendant, the deputy answered that he did and then he placed the defendant under arrest as a result. *Id.*

{¶19} This Court held that the deputy's testimony in *Fairley* did not violate the Ohio Rules of Evidence because the testimony "did not detail any specific prior criminal activity which would be prohibited under Evid.R. 404(B)." *Id.* at ¶ 31. In addition, "the statements were general in nature and neither a particular

crime nor finding of guilt was mentioned," and "these statements did not attempt to show an affinity for crime." *Id*.; *see, also*, *State v. Salter*, 7th Dist. No. 91 C.A. 90, (Nov. 22, 1994), 1994 WL 672970 (finding that similar references to an active warrant were not prohibited because of the general nature of the references without mention of a particular crime or finding of guilty).

**{¶20}** Likewise, in this case, Deputy Walker's testimony did not detail any specific prior criminal activity, it was general in nature, and neither a particular crime nor a finding of guilt was mentioned. Deputy Walker's brief and inadvertent statement in this case was not the type of testimony about "prior bad acts" that is usually prohibited in Evid.R. 404.

**{¶21}** In any case, the trial court took appropriate steps in response to the reference to the outstanding warrants. The court sustained the objection and instructed the jurors that "statements that may have been made that I had sustained an objection to must be treated as though you never heard them." (Tr. 257) A jury is generally presumed to follow a trial court's instructions. *See*, *e.g.*, *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 168. Furthermore, defense counsel was offered the opportunity to have an immediate curative instruction, but deferred to the trial court's discretion and did not request one when he could have. "A party cannot take advantage of an error he invited or induced." *State v. Seiber*, 56 Ohio St.3d 4, 17 (1990).

{¶22} For all of the reasons stated above, we do not find that the trial court failed to cure a violation of the Ohio Rules of Evidence. Southam's first assignment of error is overruled.

{¶23} In the second assignment of error, Southam contends that the mention of Southam's "prior bad acts" prejudicially affected the merits of the case. He claims that the trial court should have declared a mistrial because of the "prejudice that was planted in the jury's mind."

{¶24} "A mistrial should not be ordered in a criminal case merely because some error or irregularity has intervened, unless the substantial rights of the accused are adversely affected and this determination is, again, in the discretion of the trial court." *State v. Nichols*, 85 Ohio App.3d 65 (4th Dist.1993); *State v. Treesh*, 90 Ohio St.3d 460, 480, 2001-Ohio-4. "The granting of a mistrial is necessary only when a fair trial is no longer possible." *Treesh* at 480.

{¶25} In a similar situation, the Ohio Supreme Court affirmed a trial court's denial of a mistrial when a police officer made a brief mention of the defendant's prior arrests. *See State v. Garner*, 74 Ohio St.3d 49, 59, 1996-Ohio-168. In *Garner*, the Ohio Supreme Court found no prejudice when the trial court immediately sustained the objection and admonished the jury not to consider the testimony. *Id.* Similar to *Garner*, the deputy's reference to Southam's warrants was "fleeting" and a curative instruction was given to the jury. *See id.*

**{¶26}** As stated in response to the first assignment of error, the deputy's inadvertent comment did not constitute impermissible evidence of prior bad acts, and the trial court acted appropriately to cure any potential affect the statement might have had upon the trial. Furthermore, given the considerable amount of uncontroverted evidence against Southam, any error in consideration of the deputy's statement would not have had any prejudicial effect and would have merely been harmless error. *See* Crim.R. 52(A).

**{¶27}** The trial court did not abuse its discretion when it denied Southam's motion for a mistrial. The second assignment of error is overruled.

**{¶28}** Lastly, Southam's third assignment of error alleges that the trial court abused its discretion when it denied the defense's request for a continuance when defense counsel learned that the State was dismissing several of the counts for breaking and entering. Southam contends that he was denied the opportunity to adequately prepare a new defense, which was necessitated because his previous preparation included a large focus on items that were to be discussed in the context of the dismissed counts. He asserts that there was "no good reason" to deny the continuance.

**{¶29}** The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge and an appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion.

*State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, ¶ 44. An "abuse of discretion" has been defined as a decision that is unreasonable, arbitrary, or unconscionable. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130. Accommodation of defense counsel's trial strategy is not an adequate ground for a continuance. *See State v. Unger*, 67 Ohio St.2d 65, 68-69 (1981),

{¶30} Just prior to trial, the State conceded concerns as to its ability to meet the burden of proof for counts three through seven, and therefore, it appropriately dismissed those counts. While the dismissal of these counts may have been a surprise to Southam's defense counsel, surprises occur in trials all the time and this change did not unfairly prejudice Southam's right to a fair trial. Each count of the indictment stood on its own and defense counsel should have been prepared to defend each of the seven counts. No new witnesses were introduced and no new evidence was disclosed. The fact that Southam could not utilize any weaknesses in the dismissed counts was not a ground for a continuance. In reality, counsel did raise questions concerning the lack of evidence associated with the other storage units several times during the trial. The evidence that was relevant to the charges in counts one and two remained the same, before and after the State's dismissal of the other counts.

{¶31} Moreover, the trial court had already continued the trial date twice, both times at Southam's request. The trial was originally scheduled to begin on

October 13, 2011. On that morning, while the jury was awaiting voir dire, Southam informed the trial court that he was dissatisfied with his current attorney and he wanted to have new counsel appointed. The trial court granted Southam's request and rescheduled the trial. Following the appointment of new counsel, another continuance was requested and the trial date was again rescheduled, to January 2012. The trial court's refusal to grant a third continuance was certainly not unreasonable or arbitrary.

{¶32} While the dismissal of counts three through seven may have had some impact on defense counsel's trial strategy, the dismissal did not cause unfair surprise and did not prejudice Southam's right to a fair trial. The third assignment of error is overruled.

{¶33} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and ROGERS, J.J., concur.**

**/jlr**