[Cite as *State v. Peeples*, 2024-Ohio-993.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.    WD-23-025

    Appellee                                 Trial Court No.  2022CR0354

v.

Derrick Deshawn Peeples                  **DECISION AND JUDGMENT**

    Appellant                                Decided: March 15, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Derrick Peeples, pled guilty and was convicted of having a

weapon under a disability in the Wood County Court of Common Pleas.  The trial court

sentenced Peeples to serve 18 months in prison.

{¶ 2} On appeal, Peeples argues that the trial court abused its discretion when it

denied a motion—filed two days before sentencing—in which he asked the court to

"reschedule his sentencing or defer the execution of any sentence of incarceration until

after his trial in [a separate criminal case] in Miami County has been concluded." For the following reasons, we find no abuse of discretion, and we affirm the trial court judgment.

## I. Background

{¶ 3} On September 2, 2022, Peeples was the passenger in a vehicle that was pulled over on I-75 in Wood County for speeding at a rate of 101 miles per hour. After the stop, troopers noticed the smell of burnt marijuana and asked Peeples and the driver to exit the vehicle so they could search it. During the search, police found a handgun in a Chipotle bag on the floor of the front passenger seat where Peeples had been seated. They also found a loaded magazine that belonged to that handgun in a bookbag in the backseat.

{¶ 4} Peeples was indicted for three offenses: having a weapon while under disability, in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree (Count 1); improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(B) and (I), a felony of the fourth degree (Count 2); and possession of marijuana, in violation of R.C. 2925.11(A) and (C)(3)(a), a minor misdemeanor (Count 3).

{¶ 5} At the change-of-plea hearing on March 16, 2023, Peeples pled guilty to Count 1, and the state agreed to dismiss Counts 2 and 3 and to recommend a sentencing cap of 18 months in prison. The trial court accepted the plea and convicted Peeples. When the trial court moved on to discuss the issue of sentencing, defense counsel relayed that another criminal case, involving "three first degree felonies," was pending against Peeples in Miami County. Defense counsel "urged" the court to delay sentencing until

2.

after the Miami County case "had resolved." Although Peeples was represented by a different attorney in the Miami County case, defense counsel asserted that, to his understanding, the case there could be tried as early as April 25, 2023, although "that [date] [is] somewhat in question." The trial court granted Peeples's request to "set [sentencing] out * * * about eight weeks out or beyond," and set the matter for sentencing on May 4, 2023 at 9 a.m.

{¶ 6} Two days before sentencing, Peeples filed a motion to continue the May 4, 2023 hearing. Peeples asserted that his trial in Miami County was now set for June 6, 2023 and that "it is almost certain that the case will procced to trial." Peeples expressed concern that, if a prison term was imposed in the Wood County case, it is likely that he would be immediately "transported to a prison somewhere in Ohio which could be even further from Columbus and Marion County." It is unclear whether or not Peeples's reference to "Marion County" was a typographical error because, elsewhere in the motion, Peeples again referred to "Marion County," when he indicated that "[h]e is presently released on bail from two different Courts, Wood County and Marion County." Peeples offered no further details. In any event, Peeples claimed that his anticipated incarceration in the instant case would "impede[]" and "dramatically impair[]" his ability to assist in his own defense in Miami County. Peeples again requested that sentencing be continued until "after his trial in Miami County had concluded." The trial court denied Peeples's motion on May 3, 2023, and indicated that sentencing would proceed as scheduled, the next day. The record indicates that the hearing went forward as scheduled.

3.

**{¶ 7}** By judgment dated May 8, 2024, the trial court imposed an 18-month prison term and ordered the forfeiture of Peeples's weapon. It also imposed a two-year term of post-release control. Peeples appealed and assigns the following assignment of error for our review:

ASSIGNMENT OF ERROR: The trial court abused its discretion by denying Appellant's motion to continue his sentencing hearing.

## II. Law and Analysis

**{¶ 8}** "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger,* 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). A trial court abuses its discretion when its "attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "While there is no bright-line test for determining whether a continuance should be allowed, a court should be guided by consideration of several factors." *State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, ¶ 19. Those factors include:

[1] the length of the delay requested; [2] whether other continuances have been requested and received; [3] the inconvenience to litigants, witnesses, opposing counsel and the court; [4] whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; [5] whether the defendant contributed to the circumstance which gives rise

4.

to the request for a continuance; and [6] other relevant factors, depending on the unique facts of each case. *Unger* at 67-68.

{¶ 9} On appeal, Peeples argues that the trial court abused its discretion when it denied his request for continuance because Peeples had not yet "expend[ed] all [of] his speedy trial time." But, it is axiomatic that a trial court is not required to honor a request to postpone sentencing simply because the speedy trial period has not yet expired. To the contrary, under Crim. R. 32(A), a trial court has an affirmative duty to sentence a defendant "without unnecessary delay."

{¶ 10} Peeples also argues that the trial court failed to consider the *Unger* factors before it denied his motion, and he claims that the *Unger* factors weigh in his favor. We disagree.

{¶ 11} The trial court specifically noted that it had already granted Peeples's initial request to delay sentencing for *eight weeks*—which is a considerable amount of time given that, as the trial court acknowledged, it "could [have gone] straight to sentencing" following Peeples's change-of-plea and conviction. The trial court stated that it was not inclined to delay sentencing even further, especially because Peeples's second request sought an indefinite extension of time—i.e. he wanted to delay sentencing until "after" his Miami County case had "resolved" sometime in the future.

{¶ 12} The trial court nonetheless expressed "sympathy" for Peeples's argument (thereby implicitly recognizing that Peeples's motion was not "dilatory, purposeful, or contrived" under *Unger*). Ultimately, however, the court decided that its "concern[]" that

5.

Peeples be allowed to "participate" in "another case" was outweighed by the fact that it could not "inevitably delay *this* case." (Emphasis added.). This was proper given that "a reviewing court must weigh any potential prejudice to the defendant against the trial court's 'right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'" *State v. Moore*, 11th Dist. Geauga No. 2014-G-3195, 2014-Ohio-5183, ¶ 54, quoting *Unger* at 67. The trial court observed that the Miami County Court of Common Pleas is the more appropriate tribunal to protect Peeples's professed interest in maintaining the ability to fully participate in *that* case. Moreover, to the extent that Peeples requested a continuance so that he could help his attorneys prepare for trial in Miami County, "[a]ccommodation of defense counsel's trial strategy is not an adequate ground for a continuance." *State v. Southam*, 3d Dist. Henry No. 7-12-04, 2012-Ohio-5943, ¶ 29, citing *Unger* at 68–69 (Rejecting argument that defendant was denied the opportunity to adequately prepare a new defense, which was necessitated by the unexpected dismissal before trial of many of the claims brought by the state).

{¶ 13} Finally, the trial court specifically found that "Peeples put himself in this position," explaining that "this is a gun case," and given Peeples's previous weapon's conviction(s), he "knew the risks" and "should have well known that he couldn't have a weapon." We note that Peeples concedes that he "did contribute to the reason a delay was requested."

6.

**{¶ 14}** In sum, the trial court properly considered the applicable *Unger* factors, and its refusal to grant a second continuance was not arbitrary, unreasonable, or unconscionable.

### III. Conclusion

**{¶ 15}** The trial court thoroughly considered and balanced the factors set forth in *Unger* and ultimately concluded that they weighed against further continuing Peeples's sentencing hearing. Under the circumstances, we conclude that the trial court did not abuse its discretion in denying the requested continuance. Therefore, we find Peeples's assignment of error not well taken, and we affirm the May 8, 2023 judgment of the Wood County Court of Common Pleas. Costs are assessed to Peeples pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.             _____
                                       JUDGE
Gene A. Zmuda, J.              

                                    _____
Charles E. Sulek, P.J.            JUDGE
CONCUR.

                                    _____
                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.