[Cite as *State v. White*, 2021-Ohio-987.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No. WD-20-040

     Appellee                                Trial Court No. 2019CR0256

v.

Kenneth A. White                              **DECISION AND JUDGMENT**

     Appellant                               Decided:  March 26, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Kenneth White, appeals the April 23, 2020 judgment

of the Wood County Court of Common Pleas, sentencing him to a term of imprisonment

of 36 months following his conviction of endangering children.  For the following

reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} On June 6, 2019, Kenneth White was indicted on one count of gross sexual imposition in connection with the assault of nine-year-old, P.W. On March 6, 2020, White entered a plea of guilty to one count of the amended charge of child endangering, a violation of R.C. 2919.22(B)(2), a third-degree felony. As part of the plea agreement, the state agreed to recommend community-control sanctions, to include six months of local incarceration. The trial court accepted White's plea, made a finding of guilt, ordered a PSI, and continued the matter for sentencing.

{¶ 3} On April 21, 2020, the trial court rejected the state's sentencing recommendation and sentenced White to 36 months in prison and three years' mandatory postrelease control. The conviction and sentence were memorialized in a judgment entry journalized on April 23, 2020.

{¶ 4} White appealed. He assigns the following two errors for our review:

> Assignment of Error No. 1: Whether the court erred by imposing a maximum sentence.

> Assignment of Error No. 2: Whether the appellant entered a voluntary plea.

## II. Law and Analysis

{¶ 5} In his first assignment of error, White challenges the trial court's imposition of the maximum prison sentence of 36 months. In his second assignment of error, he

2.

argues that his plea of guilty was not entered voluntarily. We address each of these assignments in turn.

## A. Maximum Sentence

{¶ 6} In his first assignment of error, White argues that the trial court erred when it sentenced him to 36 months in prison—the maximum sentence permissible for a third-degree felony child endangering offense. White maintains that despite the state's agreement to recommend community-control sanctions—an agreement it upheld—the state at sentencing offered a detailed and "damning" recitation of the facts that was designed to (1) make clear to the trial court that it should view the case as a gross sexual imposition case instead of a child endangering case, and (2) undermine its own recommendation so that the trial court would impose a prison term. He insists that the trial court failed to follow the guidelines of R.C. 2929.11 and 2929.12, instead imposing a sentence inflamed by its passions.

{¶ 7} The state responds that the sentence is within the permissible range, the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, found White not amenable to community control, and properly imposed postrelease control. It insists that there is no evidence that the sentence was clearly and convincingly contrary to law.

{¶ 8} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify

a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 9} White does not complain that his sentence violated R.C. 2953.08(G)(2)(a). This leaves R.C. 2953.08(G)(2)(b) as the only basis for challenging his sentence. In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio- 425, ¶ 15, we recognized that a sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily-permissible range.

{¶ 10} Importantly, however, the Ohio Supreme Court has made clear that "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 20. In fact, the trial court's consideration of the factors set forth in R.C. 2929.11 and 2929.12 is presumed even on a silent record. *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1; *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94, 95 (1992). An

4.

appellate court may not independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may it modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes. *Jones* at ¶ 39, 41-42.

{¶ 11} Here, the judgment entry and the transcript of the sentencing hearing make clear that the court considered the purposes and principles of sentencing listed in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and imposed a prison sentence within the statutorily-permissible range. The sentence is not clearly and convincingly contrary to law.

{¶ 12} As to the fact that the court imposed the maximum sentence, as we recognized in *State v. Johnston*, 6th Dist. Wood No. WD-18-069, 2019-Ohio-3127, ¶ 13, R.C. 2929.14(C) previously provided that a maximum sentence could be imposed only upon offenders who committed the worst form of the offense, offenders who pose the greatest likelihood of committing future crimes, and certain repeat violent offenders. This language was deleted from the statute in 2011, and sentencing courts are no longer required to explain its reasons for imposing a maximum sentence. *State v. Pippin*, 6th Dist. Lucas No. L-18-1023, 2019-Ohio-1387, ¶ 17.

{¶ 13} Notwithstanding this fact, the court articulated its reasons for not imposing a lesser sentence here. The court expressed its belief that White had committed the most serious form of the offense of child endangering and his risk level for recidivism is high.

5.

As to the seriousness of the offense, the court observed that (1) the victim suffered physical and mental injury that was exacerbated by his age, (2) White's relationship with the victim facilitated the offense, and (3) the victim suffered severe psychological harm requiring therapy. As to the likelihood of recidivism, the court emphasized that (1) White was on community control when the offense was committed, (2) he had previously been adjudicated delinquent, (3) he has a history of criminal convictions, and (4) he previously served 11 months in prison. The court felt that White had not responded favorably to prior sanctions and did not demonstrate that he had been rehabilitated.

{¶ 14} While we understand White's position that the state's remarks at sentencing undermined its agreement to recommend community control sanctions, the court made clear that it had carefully reviewed the PSI in this case. The majority of the remarks made by the prosecutor were set forth in the six-page, single-spaced summary of the offense, contained in the PSI. The very few remarks the prosecutor made that were not contained in the PSI likely did not impact the sentence the court imposed. And in any event, the state did not agree to remain silent at sentencing and the court was not obligated to accept the prosecutor's sentencing recommendation.

{¶ 15} There is no basis to reduce, modify, or vacate White's sentence because it was not clearly and convincingly contrary to law. Accordingly, we find White's first assignment of error not well-taken.

6.

## B. Voluntariness of Plea

{¶ 16} In his second assignment of error, White argues that his plea was not voluntary and argues that the trial court should not have accepted it. He points to the following exchange that took place after the state summarized the facts it would have proven had the case gone to trial:

The court: [Defense counsel], based upon your discovery in this case and in talking to your client, does he contest those facts?

[Defense counsel]: No, he does not.

The court: Would they be sufficient in your position to support a conviction for the amended charge?

[Defense counsel]: Yes, they are.

The court: Mr. White, is that what happened?

* * *

The defendant: No, sir. I was pleading to the Endangering Children because, as a father, I can look back on the parenting and, yes, I have endangered my son.

The court: [Defense counsel], do you want to speak to Mr. White about –

[Defense counsel]: May I have one minute, your Honor?

{¶ 17} Following an off-the-record discussion between White and his attorney, White told the court:

The defendant:  Your Honor, I will not contest.

The court:  Those facts?

The defendant:  Yes, Your Honor.  I will not contest those facts.

{¶ 18} White does not argue that the trial court failed to make the proper advisements under Crim.R. 11(C) before accepting his plea; rather, he argues that because he refused to admit to the specific factual allegations—instead stating that he would "not contest" them—he demonstrated resistance to the plea, therefore, it should not have been accepted as voluntary.  He emphasizes that he continued to deny the allegations during his PSI interview, and he questions how the plea could have been voluntary given the court's observation that he had refused to take responsibility for his conduct.

{¶ 19} The state responds that (1) White failed to cite legal authority in support of his position; (2) using words associated with one plea (i.e., no contest) to effectuate another plea (i.e., guilty) is not a basis to overturn the plea; (3) White did not argue that he was prejudiced by the nomenclature or that he would not have otherwise entered the plea; and (4) White never asserted actual innocence.

{¶ 20} "A guilty plea must be made voluntarily."  *State v. Gordon*, 149 Ohio App.3d 237, 2002-Ohio-2761, 776 N.E.2d 1135, ¶ 16 (1st Dist.).  "A plea is voluntary if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Id.* at ¶ 17, citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91

8.

S.Ct. 160, 27 L.Ed.2d 162 (1970). Where a defendant challenges his plea as involuntary, he must show that he would not otherwise have entered the plea. *Gordon* at ¶ 18.

{¶ 21} At the plea hearing, the trial court recognized the benefits to White of entering a plea of guilty to the amended charge of endangering children: the potential sentence to which White was exposed was reduced from 12 to 60 months to nine to 36 months, and he avoided sex-offender registry requirements. The court correctly advised White that a plea of guilty is a complete admission to the amended charge, and White responded that he understood this and admitted guilt to the offense of child endangering. The transcript reflects that while White was reluctant to admit the specific facts alleged by the state—preferring to admit only that he committed the offense itself—he ultimately stated that he did not contest the facts.

{¶ 22} Given that White clearly admitted guilt after the court made the required Crim.R. 11(C) advisements, we do not find that his plea was rendered involuntary merely because he stated that he did not contest the facts, rather than stating that he admitted them. *See, e.g., State v. Middleton*, 12th Dist. Butler No. CA2010-07-173, 2011-Ohio-1631, ¶ 25 (finding no error in trial court's acceptance of plea despite the fact that appellant voiced challenge to force element of rape). This is especially true given that White has failed to assert that he would not have otherwise entered the plea.

{¶ 23} Accordingly, we find White's second assignment of error not well-taken.

### III. Conclusion

{¶ 24} White's 36-month sentence for child endangering was not clearly and convincingly contrary to law. The trial court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutorily-permissible range. While the trial court was not required to provide a reason for imposing the maximum sentence, it did so anyway. We find White's first assignment of error not well-taken.

{¶ 25} White's plea of guilty to the amended charge of child endangering was not rendered involuntary even though he stated only that he did not contest the facts recited by the state instead of stating that he admitted those facts. The trial court acknowledged the advantages to White of entering a plea and made the proper Crim.R. 11(C) advisements before accepting White's plea, and White did not assert that he otherwise would not have entered the plea. We find his second assignment of error not well-taken.

{¶ 26} We affirm the April 23, 2020 judgment of the Wood County Court of Common Pleas. White is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.　　　　　

Christine E. Mayle, J.　　　　　

Myron C. Duhart, J.　　　　　
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.