[Cite as *State v. Buck*, 2021-Ohio-1073.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

   Appellee

v.

Tahra S. Buck

   Appellant

Court of Appeals No. WD-20-031

Trial Court No. 2019CR0356

**DECISION AND JUDGMENT**

Decided: March 31, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Tahra Buck, appeals the March 4, 2020 judgment of the Wood County Court of Common Pleas sentencing her to 17 months in prison following her conviction for theft from a person in a protected class. For the following reasons, we affirm the trial court's judgment.

## I. Background

{¶ 2} On August 8, 2019, Buck was indicted on one count of theft from a person in a protected class in violation of R.C. 2913.02(A)(1) and (B)(3), a fourth-degree felony. On August 20, 2019, Buck appeared, without counsel, for her arraignment. She was determined to be indigent and was assigned counsel. She then entered a not guilty plea to the single theft count.

{¶ 3} On January 20, 2020, Buck appeared for a change of plea hearing. Following negotiations with the state, Buck agreed to enter a guilty plea to the charge as indicted. In exchange for the guilty plea, the state agreed to recommend a sentence consisting of a term of community control rather than a prison term. The trial court accepted Buck's guilty plea and ordered her to participate in a presentencing interview before her sentencing hearing on March 3, 2020.

{¶ 4} At the sentencing hearing, the trial court imposed a 17-month prison term for Buck's theft conviction. Buck's sentence was memorialized in a judgment entry dated March 4, 2020. Buck timely appealed and asserts the following error for our review:

> The court abused its discretion by sentencing appellant to serve a seventeen month term in the Ohio Department of Rehabilitation and Corrections instead of ordering community control sanctions as recommended by the State of Ohio.

2.

## II. Law and Analysis

{¶ 5} In her sole assignment of error, Buck argues that her sentence is contrary to law because the trial court did not properly consider the purposes of felony sentencing under R.C. 2929.11 or appropriately weigh the seriousness and recidivism factors under R.C. 2929.12 when it fashioned her sentence. According to Buck, the trial court surely would have ordered community control sanctions—instead of a 17-month prison term—if it had appropriately considered the statutory factors of R.C. 2929.11 and 2929.12.

{¶ 6} We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio- 425, ¶ 15, we recognized that a sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily-permissible range. The burden is on the appellant to identify clear and convincing evidence in the record that their sentence was erroneously imposed. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6.

{¶ 7} Importantly, however, the Ohio Supreme Court has made clear that "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, -- N.E.3d --, Slip Opinion No. 2020-Ohio-6729, ¶ 20. In fact, the trial court's consideration of the factors set forth in R.C. 2929.11 and 2929.12 is

3.

presumed even on a silent record. *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1 (2017); *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94, 95 (1992). An appellate court may not independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may it modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes. *Jones* at ¶ 39, 41-42.

{¶ 8} Here, Buck argues that her prison sentence was contrary to law because the trial court "failed to fully comply with the requirements of R.C. 2929.11, the purposes of sentencing, and R.C. 2929.12, seriousness of crime and recidivism factors in ordering [her to serve] a seventeen month ODRC sentence." Specifically, she claims that the trial court failed to consider two mitigating factors which would support the imposition of a lesser sentence—her need for substance abuse treatment and the lack of physical harm resulting from her conduct—when it determined that the appropriate sentence was a 17-month prison term for her theft conviction. Buck argues that had the trial court properly weighed the seriousness and recidivism factors in R.C. 2929.12 it would have determined that a term of community control was the appropriate sentence. This, she argues, resulted in a sentence that exceeded the minimum sanction necessary to accomplish the principals of felony sentencing established in R.C. 2929.11.

{¶ 9} Essentially, Buck asks this court to make an independent determination as to whether the record supports her sentence under R.C. 2929.11 and 2929.12. But, as the

4.

Supreme Court of Ohio recognized in *Jones*, R.C. 2953.08(G)(2) does not permit an "appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42. Accordingly, because we cannot second guess the trial court's application of R.C. 2929.11 and 2929.12, Buck's sole assignment of error is found not well-taken.

### III. Conclusion

{¶ 10} We cannot independently weigh the evidence in the record and substitute our judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. Therefore, we find Buck's assignment of error not well-taken and affirm the March 4, 2020 judgment of the Wood County Court of Common Pleas. Buck is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.        _____
                                                         JUDGE

Gene A. Zmuda, P.J.

                                       _____
Myron C. Duhart, J.                                   JUDGE
CONCUR.

                                       _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.