[Cite as *State v. Woodmore*, 2021-Ohio-1677.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                Court of Appeals No. L-20-1088

      Appellee                                          Trial Court No. CR0201902635

v.

Khiry D. Woodmore                                    **DECISION AND JUDGMENT**

      Appellant                                         Decided:  May 14, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} This matter is before the court on appeal of the judgment of the Lucas

County Court of Common Pleas sentencing appellant, Khiry Woodmore, to a minimum

term of 12 years and a maximum term of 16 years, 6 months in prison, following his

guilty plea to aggravated burglary with a firearm specification. Finding no error, we affirm.

## II. Background and Procedural History

{¶ 2} On September 17, 2019, appellant was indicted in Lucas County case No. CR0201902635 on one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and (B), a felony of the first degree; one count of aggravated robbery in violation of R.C. 2911.01(A)(3) and (C), a felony of the first degree; and one count of felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second degree. All three counts included a firearm specification under R.C. 2941.145. The charges arose from events occurring in Lucas County, Ohio, on August 9, 2019.[1]

{¶ 3} On November 12, 2019, the trial court held an arraignment hearing and appellant entered a plea of not guilty. Appellant withdrew his not guilty plea on March 17, 2020, and entered a plea of guilty to one count of aggravated burglary with a firearm specification. In exchange for his guilty plea on that count, appellee, the state of Ohio, agreed to dismiss the remaining counts at sentencing and to recommend a total sentence cap of nine years in prison.

---

[1] One of appellant's codefendants, Danielle Whetro, was charged separately in Lucas County Common Pleas case No. CR0201902472 of two counts of complicity in the commission of aggravated burglary and one count of complicity in the commission of felonious assault. On October 2, 2019, appellant's case was transferred to the trial court's docket as a companion to the codefendant case, already assigned to the trial court, consistent with the Lucas County Common Pleas Local Rule 4.02B.

**{¶ 4}** During the plea hearing, the trial court advised appellant that it was not bound by the state's recommendation for a nine-year prison term as to the aggravated burglary charge, and engaged in the following exchange:

The Court: Do you understand that the State is making that recommendation as part of the plea agreement but that the court is not bound by that and it's free to deviate from that recommendation? I could go under that recommendation or I could go over that recommendation. Do you understand that?

Appellant: Yes, ma'am.

The State: Your Honor, I apologize. The State's recommendation is a nine year total. That would include the three-year specification.

The Court: Okay. Thank you for that clarification. That was not necessarily clear in this. So that means the State is recommending that I impose six years on the aggravated burglary because you know for certain that you will get three years on the firearm specification. Do you understand that?

Appellant: Yes, ma'am.

The Court: Okay. But the State is or excuse me, the court is free to deviate from that recommendation and I could go under that recommendation, and impose three, four, or five or I could go over that

recommendation and impose seven, eight, nine, ten, or eleven. Do you understand that?

Appellant: Yes, ma'am.

Appellant, therefore, was advised that the aggravated burglary charge carried a prison term of 3 to 11 years and the firearm specification carried a mandatory consecutive prison term of 3 years.

{¶ 5} On March 31, 2020, the trial court held a sentencing hearing. At that hearing, defense counsel addressed the court regarding mitigation and asked for a sentence of less than nine years total. The state requested the court abide by its recommended sentence.

{¶ 6} Prior to imposing a sentence, the trial court discussed the seriousness of the crime, noting it was "one of the most serious ones this court has ever seen" and, based on information provided by appellant's codefendants, appellant was the main perpetrator. The trial court further noted that the elderly victim "was brutalized within inches of his life" so that appellant could take his property, and the victim "sustained serious psychological and physical harm as a result of this vicious attack including a traumatic brain hemorrhage." The trial court also noted that appellant committed the offense while on active postrelease control, having been recently released from prison.

{¶ 7} After noting due consideration of the record, the victim impact statement, appellant's presentence investigation report, and after consideration and balancing of the principles and purposes of sentencing factors under R.C. 2929.11, and the seriousness

4.

and recidivism factors under R.C. 2929.12, the trial court sentenced appellant to 9 years on the aggravated burglary charge and 3 years on the firearm specification, to be served consecutively. Thus, the aggregate minimum term was 12 years and the maximum was 16 years and 6 months in prison. Upon finding that appellant had violated postrelease control in two previous cases, the trial court imposed an additional term of 542 days, and ordered that term to be served consecutively.[2]

{¶ 8} On April 29, 2020, appellant filed a notice of appeal.[3]

### III. Assignments of Error

{¶ 9} Appellant now challenges his sentence in a single assignment of error, as follows:

The trial court erred to the prejudice of Appellant by sentencing Appellant to a prison term that exceeded the State's sentencing recommended.

### IV. Analysis

{¶ 10} Appellant challenges his prison sentence, arguing that the trial court erred in imposing a sentence that exceeded the state's recommendation. In support, appellant

---

[2] R.C. 2967.28 authorizes a court to impose a prison sentence upon violation of postrelease control by the commission of a new felony. Appellant does not challenge this additional term in the present appeal.

[3] On May 5, 2020, the trial court conducted a resentencing hearing and ultimately imposed the same sentence that had been imposed at the original sentencing hearing. This resentencing hearing was done to address appellant's notice of appeal and place additional information on the record regarding the use of zoom technology

5.

argues that the trial court failed to properly consider the factors under R.C. 2929.11 and 2929.12, as the sentence imposed contradicted the directive of R.C. 2929.11(A) "to punish the offender using the minimum sanctions," and disregarded any consideration of appellant's addiction and mental health issues, as required by R.C. 2929.12(C)(4).

{¶ 11} A felony sentence is reviewed under R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. An appellate court may increase, modify, or vacate and remand a sentence only upon a finding by clear and convincing evidence that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or (2) "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

{¶ 12} "Put simply, R.C. 2953.08(G)(2)(a) permits appellate courts to vacate or modify a sentence when certain statutory findings are not supported by the record. R.C. 2953.08(G)(2)(b) permits appellate courts to modify or vacate a sentence that is 'contrary to law.'" *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 7. Appellant bears the burden of identifying error, by clear and convincing evidence, under either provision. *Id.*, citing *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6.

{¶ 13} Appellant argues, as proof of error in considering the factors under R.C. 2929.11 and 2929.12, that the trial court imposed a sentence that exceeded the state's

6.

recommendation. However, "[a] trial court is not bound to accept the state's recommended sentence in a plea agreement." *State v. Harder*, 6th Dist. Ottawa No. OT-14-005, 2015-Ohio-795, ¶ 7, citing *Akron v. Ragsdale*, 61 Ohio App.2d 107, 109, 399 N.E.2d 119 (9th Dist.1978). Furthermore, the trial court does not err in imposing a sentence that exceeds what is recommended by the state "where 'the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *Id.*, quoting *State ex rel. Duran v. Kelsey*, 106 Ohio St. 3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6. "This standard can be met without the court specifically telling the defendant that it was not bound by the state's recommendation as to sentence." *Id.*, citing *State v. Walker*, 6th Dist. Lucas No. L-98-1210, 1999 Ohio App. LEXIS 2042, *4 (May 7, 1999); *State v. Martinez*, 7th Dist. Mahoning No. 03 MA 196, 2004-Ohio-6806, ¶ 8-9; *State v. Dixon*, 2d Dist. Clark No. 03CA0045, 2004-Ohio-4262, ¶ 11-12.

{¶ 14} Here, the record clearly reflects that the trial court advised appellant that it was not bound by the state's recommendation. The record also reflects that, during the plea hearing, the trial court advised appellant at length regarding the applicable penalties. This discussion comprised five pages of the transcript. Appellant repeatedly affirmed to the court that he understood, and appellant's written plea agreement provided notice of the possible penalties. It stated, in relevant part:

I understand the MAXIMUM penalties COULD be: a maximum indefinite prison term of a minimum of 6 years and a maximum of 19 years and 6

7.

months of which 3 years is mandatory, during which I am NOT eligible for judicial release or community control.

{¶ 15} In the instant case, the totality of the circumstances, including the plea colloquy and the signed plea agreement, demonstrate that appellant was aware of the potential maximum penalty he faced and that the trial court was not bound by the state's recommendation. Thus, the trial court did not err in imposing a sentence that exceeded the state's recommendation.

{¶ 16} Appellant's argument regarding proper consideration, by the trial court, of the directives of R.C. 2929.11 and 2929.12, moreover, improperly seeks an independent determination as to whether the record supports his sentence under R.C. 2929.11 and 2929.12. The application of R.C. 2953.08(G)(2) in this situation is governed by the Ohio Supreme Court's decision in *State v. Jones*, Slip Opinion No. 2020-Ohio-6729. In *Jones*, the court held "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *Id.* at ¶ 28. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

8.

{¶ 17} We have recently applied *Jones* and found "R.C. 2953.08(G)(2)(a) does not permit us to review whether the trial court's R.C. 2929.11 and 2929.12 findings are supported by the record." *Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 10; *see also State v. Buck*, 6th Dist. Wood No. WD-20-031, 2021-Ohio-1073, ¶ 7; *State v. White*, 6th Dist. Wood No. WD-20-040, 2021-Ohio-987, ¶ 10. The Ohio Supreme Court's holding in *Jones* "precludes this court's review of felony sentences based solely on the appellant's contention that the trial court improperly considered the factors identified in R.C. 2929.11 and 2929.12 when it determined the appropriate sentence." *Orzechowski* at ¶ 13. "[A]ssigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error." *Id.*

{¶ 18} Accordingly, we do not consider whether the record supports the trial court's findings under R.C. 2929.11 and 2929.12, and appellant failed to demonstrate any error by the trial court in sentencing beyond the state's recommended sentence. Appellant's assignment of error, therefore, is not well-taken.

**V. Conclusion**

{¶ 19} For the forgoing reasons, we affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                    _____
                                                                                          JUDGE
Christine E. Mayle, J.

Gene A. Zmuda, P.J.                                   _____
CONCUR.                                                                           JUDGE

                                                                    _____
                                                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.