[Cite as *State v. Vargyas*, 2021-Ohio-3383.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                            Court of Appeals No.  WD-20-068

     Appellee                                        Trial Court No.  2020CR0016

v.

Dawn Vargyas                                        **DECISION AND JUDGMENT**

     Appellant                                       Decided:  September 24, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellalnt.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a September 29, 2020 judgment of the Wood County

Common Pleas Court.  On June 16, 2020, the appellant pleaded guilty to Counts 1 and 2:

Forgery, violations of R.C. 2913.31(A)(3)(C)(1)(b), each felonies of the fifth degree.  The

court dismissed a third Count and sentenced the appellant on each count to eleven (11) months in the Ohio Department of Rehabilitation and Corrections, to be served concurrently. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Dawn Vargyas, sets forth the following three assignments of error:

1. Appellant's plea was not made knowingly, intelligently, and voluntarily because the trial court failed to tell appellant that it was not bound by the negotiated plea agreement.

2. The trial court abused its discretion in rejecting the plea recommendation negotiated between the State and appellant to place appellant on a period of community control with suspended prison sentence.

3. The trial court abused its discretion in sentencing appellant to eleven (11) months of imprisonment.

{¶ 3} The following undisputed facts are relevant to this appeal. Appellant was a tenant in a rental home in Rossford, Ohio. The landlords were the victims who owned the residence. On November 3, 2019, the appellant signed the lease and submitted her down payment. She paid $575 in cash and made two separate checks, one for $750 and another for $125.

2.

{¶ 4} After the victims deposited the checks, their bank gave them notice that neither one of these checks could be found. It was later discovered that these checks were manufactured by the appellant through the assistance of an online website. The checks were a forgery. After the victims told her what they discovered, the appellant promised she would get the money to them but never did.

{¶ 5} Ultimately, on January 20, 2020, appellant was indicted by the Wood County Grand Jury on two counts of Forgery, in violation of R.C. 2912.31(A)(3)(C)(1)(b) and a single count of Theft from a Person in a Protected Class, in violation of R.C. 2913.02(A)(3) and 2913.02(B)(3).

{¶ 6} On June 16, 2020, appellant pleaded guilty to Count 1, Forgery, Count 2 Forgery, in violation of R.C. 2913.31(A)(3)(C)(1)(b), two fifth degree felonies. Count Three was dismissed. The trial court accepted the plea and ordered a pre-sentence investigation.

{¶ 7} On September 29, 2020, Vargyas was sentenced to eleven months of incarceration on each count, to be served concurrently.

{¶ 8} This appeal ensued. Vargyas presents three assignments of error for our review.

{¶ 9} In her first assignment of error (mistakenly labeled her second), appellant claims her plea was not made knowingly, intelligently, and voluntarily because the trial

3.

court failed to tell her it was not bound by the negotiated plea agreement. We do not concur.

{¶ 10} A trial court does not err in imposing a sentence greater than that recommended by the state under a negotiated plea agreement where the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor. *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6, quoting *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.). This standard can be met without the court specifically telling the defendant that it was not bound by the state's recommendation as to sentence. *State v. Martinez*, 7th Dist. Mahoning No. 03 MA 196, 2004-Ohio-6806, ¶ 8-9; *State v. Dixon*, 2d Dist. Clark No. 03CA0045, 2004-Ohio-4262, ¶ 11-12. We have repeatedly held that the better practice, not followed here, is for the trial court to specifically forewarn the defendant that it was not bound by the sentencing agreement. *State v. Harder*, 6th Dist. Ottawa No. OT-14-005, 2015-Ohio-795, ¶ 7, citing *Akron v. Ragsdale*, 61 Ohio App.2d 107, 109, 399 N.E.2d 119 (9th Dist.1978).

{¶ 11} In this case, the written plea agreement was signed by Vargyas after having reviewed and initialed each enumerated section. She was to enter a plea of guilty to Count One and Count Two of the indictment, each a charge of Forgery. The prosecution

4.

would dismiss Count Three. The written plea form states that the prosecution would be recommending Community Control Sanctions.

{¶ 12} Section F of the plea agreement, initialed by Vargas, states:

I further understand that if I plead guilty, I will receive a sentence. The sentencing hearing may be today or continued to another date. The court may refer me to the probation department to have a pre-sentence report prepared before the sentencing hearing. I understand that the recommendations are not binding on the Court and that no promises or guarantees as to sentence have been made to me.

{¶ 13} Appellant was also advised of the maximum penalties associated with each count to which she would plead guilty. Specifically, Section G, initialed by Vargyas, states that the maximum prison term for Count One was twelve months and a fine of $2,500. It is also disclosed that the maximum prison penalty for Count Two was twelve months and a fine of $2,500.

{¶ 14} Appellant relies on *State v. Quinn*, 2d Dist. Miami No. 02CA54, 2003-Ohio-5743 to support her argument that her plea was not voluntary. However, *Quinn* is factually distinguishable from this case. In that case, the convictions were entered on Quinn's negotiated pleas of guilty to the three offenses, which were charged as fifth degree felonies. In exchange, the state agreed to recommend concurrent sentences. The court was apparently aware when it imposed consecutive sentences that the state had

5.

agreed to recommend concurrent sentences in exchange for defendant's agreement to withdraw his not guilty pleas and enter pleas of guilty to the three theft offenses. However, at the sentencing hearing the prosecutor made no sentencing recommendation. The court found that whatever his reasons, the prosecutor's failure to recommend concurrent sentences was a breach of the plea bargain agreement. *Id.* at ¶ 46. Upon hearing his sentence, Quinn immediately moved to withdraw his guilty pleas, arguing that he had entered them on the understanding that the court would impose concurrent sentences the state recommended.

{¶ 15} In contrast, in Vargyas' case, the prosecution was not silent at the sentencing hearing. In fact, the record reflects that the state recommended a community control sanction rather than incarceration on two occasions. First, at the June 20, 2020 plea hearing and secondly, at the September 29, 2020 sentencing.

{¶ 16} The trial court effectively informs a defendant that it is not required to follow the State's sentencing recommendation when the totality of the circumstances including the plea colloquy and the signed plea agreement demonstrate appellant knew at the time she changed her pleas that (1) the court was not required to follow the state's recommendation as to sentence and (2) appellant faced a potential maximum sentence of eleven months incarceration on each count. *State v. Harder*, 6th Dist. Ottawa No. OT-14-005, 2015-Ohio-795, ¶7.

6.

{¶ 17} We cannot find that, on this record, the trial court in any way promised appellant that it would impose a sentence different from the one it imposed, such that this guilty plea was the product of a breach that rendered it less than knowing, intelligent, and voluntary. *State v. Dixon*, 2d Dist. Clark No. 03CA0045, 2004-Ohio-4262, ¶ 12-13. The totality of the circumstances including the plea colloquy and the signed plea agreement demonstrate appellant knew at the time she changed her pleas that the court was not required to follow the state's recommendation as to sentence and that appellant faced a potential maximum sentence of twelve months and a fine of $2,500 on each count. We therefore find appellant's first assignment of error not well-taken and denied.

{¶ 18} In her second assignment of error, appellant asserts that the trial court abused its discretion in rejecting the plea recommendation negotiated between the state and the appellant to place the appellant on community control with suspended prison sentence.

{¶ 19} Appellant frames her second assignment of error around the mistaken notion that the trial court rejected the sentencing portion of the parties' plea agreement. The record supports no such proposition. Rather, appellant's argument fails to recognize the distinction between a recommended sentence and an agreed-upon sentence. Indeed, the parties' agreement with respect to sentencing was limited to a recommendation from the state that appellant be placed on community control rather than incarcerated. Because the plea agreement merely contained a recommendation, the trial court did not reject (or

7.

violate) any terms of the plea agreement by imposing a prison sanction. In our prior decision in *State v. Boswell*, 6th Dist. Erie No. E-18-053, 2019-Ohio-2949, we explained that a trial court is only bound to impose the sentence set forth in a defendant's plea agreement if the court promises to do so before the defendant enters the plea. *Id.* at ¶ 31. Here, appellant does not argue that the trial court agreed to impose a community control sanction in lieu of prison prior to her decision to plead guilty. Therefore, the trial court was not required to impose a community control sanction.

{¶ 20} We can find no abuse of discretion on the part of the trial court in not following the sentencing recommendation proposed by the prosecution. Therefore, we find appellant's second assignment of error not well-taken and denied.

{¶ 21} In her third assignment of error, the appellant argues that the lower court abused its discretion when sentencing her to eleven months in prison. However, our review of felony sentences is governed by R.C. 2953.08(G)(2) which states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under

division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 22} Vargyas concedes that, under this standard of review, her sentence is not clearly and convincingly contrary to law as it falls with the statutory limit. Nevertheless, she argues that the trial court failed to acknowledge her remorse, her desire to make restitution and her willingness to improve her life. She also contends that the trial court's reliance on her past criminal history was unreasonable. In other words, appellant implores this court to review the trial court's consideration of the felony statutory sentencing factors set forth under R.C. 2929.11 and 2929.12.

{¶ 23} R.C. 2929.11 enumerates factors to be considered by the court in felony sentencing. These factors explicitly include the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *See* R.C. 2929.11 (A).

{¶ 24} Recently, in *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, the Ohio Supreme Court held that "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C.

9.

2953.08(G)(2)(a)." *Id.* at ¶ 28. Since the statute does not authorize appellate review of whether a trial court's R.C. 2929.11 and 2929.12 findings are supported by the record, the Ohio Supreme Court held that the Eighth District Court of Appeals erred in conducting such a review. *Id.* at ¶ 29. Applied here, we find that R.C. 2953.08(G)(2)(a) does not permit us to review whether the trial court's R.C. 2929.11 and 2929.12 findings are supported by the record.

{¶ 25} We have previously applied *Jones* and found "R.C. 2953.08(G)(2)(a) does not permit us to review whether the trial court's R.C. 2929.11 and 2929.12 findings are supported by the record." *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 10; *see also State v. Woodmore*, 6th Dist. Lucas No. L-20-1088, 2021-Ohio-1677, ¶ 17; *State v. Buck*, 6th Dist. Wood No. WD-20-031, 2021-Ohio-1073, ¶ 7; *State v. White*, 6th Dist. Wood No. WD-20-040, 2021-Ohio-987, ¶ 10. The Ohio Supreme Court's holding in Jones "precludes this court's review of felony sentences based solely on the appellant's contention that the trial court improperly considered the factors identified in R.C. 2929.11 and 2929.12 when it determined the appropriate sentence." *Orzechowski* at ¶ 13. "[A]ssigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error." *Id.* at ¶ 15. Accordingly, we do not consider whether the record supports the trial court's findings

under R.C. 2929.11 and 2929.12. Appellant's third assignment of error, therefore, is not well-taken. *State v. Johnson,* 6th Dist. Wood No. WD-20-056, 2021-Ohio-2139, ¶ 14-16.

## Conclusion

{¶ 26} For the forgoing reasons, we affirm the judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment affirmed.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.            _____

                                              JUDGE

Gene A. Zmuda, P.J.        

                                        _____

Myron C. Duhart, J.                                  JUDGE
CONCUR.

                                        _____

                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

11.