[Cite as *State v. Meyer*, 2022-Ohio-2746.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-21-1147

      Appellee                                          Trial Court No.  CR0202002350

v.

Cameron Meyer                                   **DECISION AND JUDGMENT**

      Appellant                                        Decided:  August 5, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Mark I. Jacobs, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** This case is before the court on appeal by appellant, Cameron Meyer, from

the July 8, 2021 judgment of the Lucas County Common Pleas Court.  For the reasons that

follow, we affirm.

{¶ 2} Appellant sets forth two assignments of error:

Assignment of Error No. 1

Appellant was not afforded an opportunity to reply to the statement made by the victim, Justin Fereza, at the time of the sentencing.

Assignment of Error No. 2

The sentence imposed by the Court, while within the bounds of the law, is excessive and a clear reaction by the Court to the claimed intentionality of the Appellant.

## Background

{¶ 3} On February 15, 2020, at approximately 3:00 a.m., appellant was driving a Ford Explorer when he stopped at the Circle K gas station located at the corner of Holland-Sylvania Road and Dorr Street in Lucas County, Ohio. At the same time, Justin Fereza was also at the Circle K, having ridden there on a mini-bike. Circle K had video surveillance which showed Fereza made a hand gesture at appellant. Fereza then departed from the gas station riding the mini-bike. Shortly thereafter, appellant also left the gas station, traveling in the same direction as Fereza. As Fereza was riding the mini-bike in the bike lane on the road, appellant partially entered the bike lane and struck the mini-bike. As a result, Fereza was thrown from the mini-bike and was seriously injured. The mini-bike was dragged underneath appellant's vehicle and caught fire, but appellant did not stop. Instead, appellant continued driving until he reached 903 Cook Street,

2.

where he parked his damaged vehicle. After the accident, the vehicle's restraint control module established that the Ford Explorer suddenly accelerated to 64.4 mph and did not brake before, during or after impact.[1]

{¶ 4} On October 26, 2020, appellant was indicted on one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1) and (B), a third-degree felony, and one count of failure to stop after an accident in violation of R.C. 4549.02(A)(1), (A)(2), (B)(2) and (B)(2)(b), a fourth-degree felony. On May 18, 2021, appellant entered a no contest plea to an amended charge of vehicular assault in violation of R.C. 2903.08(A)(2)(b) and (C)(1) and (2), a third-degree felony.

{¶ 5} At his sentence hearing, appellant's attorney acknowledged reading the disclosable portion of the presentence report. The attorney explained to the court that appellant was remorseful, it was an accident, and appellant had not initially realized what he collided with, as appellant had thought it was an object or an animal. After his attorney's explanation, appellant spoke to the court, saying "it is -- was an accident and I feel honestly terrible about all of it and I would like it to just be over with so both Mr. Fereza and myself can get back to just living our lives to the best of our ability." Fereza

---

[1] These facts were presented at the plea hearing and set forth in the presentence investigation report. Appellant has argued additional facts based upon the police report and a civil suit filed by Fereza, however these facts are not evidence in the record, and therefore, are not before us.

3.

was then given an opportunity to speak, and relevant to the instant appeal, his statement to the court included the following:

> For starters, Your Honor, this wasn't an accident. It -- it wasn't. It was intentional. He tried robbing me at the gas station with his friend prior to this, so it was intentional. They pulled the computer things from the car. You can see intentionally that he sped up. The cop even said in the video that you can tell that they sped up, and when they hit me, the bike I was on exploded, so there is no [way] I might have been an animal or something like that. He knew what he was doing, Your Honor.

{¶ 6} Immediately after Fereza made his statement, the judge said:

> Mr. Meyer, I've read the presentence report. I did read the letter from your employer. I received letters from the victim and the victim's family, and I have read those letters and I've listened very carefully to everything that has been said here today. It goes without saying that this was a heinous act and what makes it more reprehensible is the fact that it was intentional. The victim was minding his own business at the gas station when you threatened to take his mini bike from him, and as he drove away, you followed and accelerated to a speed of 64 miles per hour intentionally ramming him and the mini bike. The mini bike caught fire on

4.

impact, and the victim was thrown and landed in the street and you left him to die.

The impact had to be incredible because I was thinking it's been a long time since I took physics, but if my memory serves me correctly, given the weight of your vehicle and the speed that you were going, and taking into consideration any speed that the victim was traveling, you hit him with approximately 150,000 to 200,000 pounds of force. This is unfathomable.

You are fortunate that the victim survived because the injuries he suffered were life threatening. He described some of his injuries here today, but I want to make sure that you know exactly what they were. His spleen had to be removed because it caused internal bleeding after being ruptured on impact. This caused - - also caused harm to his liver and his lungs. He broke his hip socket. Both ankles were broken. He had a fractured pelvis and six broken ribs. He had a broken collarbone, a fractured spine and a broken femur that punctured an artery. After surgery, he had to be placed on a ventilator and he had to be placed in a medically induced coma and he was in the hospital for more than a month. You caused serious physical harm and serious psychological harm to the victim, and the victim is going to suffer this for the rest of his life.

You say you want you and he to get on with [your] lives after this

happened, but he is never going to be able to get on with his life the way it

was before.

I believe that you failed to express genuine remorse. I would note

that you have no prior criminal history and that you have been gainfully

employed. And this is a most unfortunate circumstance.

{¶ 7} Appellant was sentenced to fifty-four months in prison. He timely appealed.

**First Assignment of Error**

{¶ 8} Appellant argues he was denied the right to respond to the statement made

by Fereza at the time of sentencing, which included new material facts. Appellant

contends Fereza indicated "there had been an altercation or confrontation at the Circle K

* * * immediately prior to the auto-mini bike collision." Appellant submits this was new

information which he did not have the opportunity to rebut.[2] Appellant further asserts the

"new material fact shared by [Fereza] at the time of the sentencing hearing, of the actions

of the [appellant] as an intentional act cannot be supported" by "video evidence, witness

evidence, police investigation conclusion, or otherwise." Appellant maintains the

allegations made at the sentencing hearing, which were used by the court to formulate his

---

[2] Appellant cites to "the police investigation and report of the incident and the interview
of the victim by police, along with a written statement from a witness * * * as well as a
video recording" that did not show any interaction between appellant, appellant's
passenger and Fereza. This information is not evidence in the record before us.

sentence, were inconsistent with discovery provided by the state and "prior filings on behalf of Justin Fereza." Appellant also observes his attorney was not made aware of the contents of the letters, referenced by the court, which were written by Fereza and Fereza's family.

{¶ 9} The state disputes appellant's contention that Fereza's statement included new material. The state argues there was already evidence in the record that appellant intentionally struck Fereza. Specifically, the state refers to statements in the presentence report, including that "victim made a 'hand gesture' at the defendant" and a "subsequent examination of the Explorer's Vehicle Restraint Control module established that prior to the impact, the vehicle suddenly accelerated to a speed of 64.4 mph, with no braking before, during, or after the impact."

## Law

{¶ 10} R.C. 2930.14(A) requires the trial court to permit a victim of a crime to make a statement prior to the imposition of sentence. R.C. 2930.14(B) provides that "[t]he court shall consider a victim's statement * * *. If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing * * * or takes other appropriate action to allow the defendant * * * an adequate opportunity to respond to the new material facts."

**Analysis**

{¶ 11} Upon review, we find the portions of Fereza's statement challenged by appellant, that there was an altercation or confrontation at the Circle K and appellant acted intentionally, do not constitute new material facts for purposes of R.C. 2930.14. The record includes the presentence report which detailed certain events leading up to the collision, the collision, and events that occurred after the collision. Some of these events indicated some type of unpleasant interaction between the parties at the gas station, and that appellant's actions prior to the collision were deliberate, and not accidental. As such, the portions of Fereza's statement challenged by appellant were consistent with information in the record, and were not new material facts. Thus, appellant was not entitled to an opportunity to respond to the statement Fereza made at the sentencing hearing. Accordingly, appellant's first assignment of error is not well-taken.

**Second Assignment of Error**

{¶ 12} Appellant argues the sentence imposed by the trial court, while it is within the bounds of the law, is excessive and a reaction to the challenged portions of Fereza's statement made at sentencing. Appellant observes the court commented prior to imposing sentence that it was the court's opinion that appellant's act was intentional. Appellant submits the court also opined that appellant failed to show genuine remorse, despite appellant stating he was truly remorseful and the collision was the result of an unintentional accident. Appellant asserts the factors in R.C. 2929.12(E) point to a lack of

8.

recidivism on his part and "argue in favor of the appropriateness of a community control based sanction" except for the finding that appellant acted intentionally, which was based on inaccurate information and new material facts. Appellant claims his sentencing hearing contravenes Ohio law, and a new sentencing hearing should be granted.

{¶ 13} The state counters the trial court considered R.C. 2929.11 and R.C. 2929.12, properly balanced the seriousness and recidivism factors and considered all of the statutory factors. The state observes appellant failed to provide any evidence that his sentence was inconsistent with or disproportionate to any other case. The state further maintains appellant did not demonstrate his sentence is clearly and convincingly contrary to law. The state also asserts appellant's sentence was within the statutory sentencing range, and the trial court considered all statutory mandates and relevant material when it imposed appellant's sentence.

**Standard**

{¶ 14} We review felony sentences pursuant to R.C. 2953.08(G)(2), which allows us to increase, reduce, or otherwise modify a sentence, or vacate and remand the matter for resentencing, if we clearly and convincingly find that either the record does not support the trial court's statutory findings or the sentence is contrary to law. We recognized, in *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, a sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of

sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the offender within the statutorily-permissible range. The burden is on the appellant to identify clear and convincing evidence in the record that his sentence was erroneously imposed. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 16.

{¶ 15} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶42, the Supreme Court of Ohio held that "nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *See also State v. Toles*, 166 Ohio St. 3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 1 (affirming sentencing judgment on the authority of *Jones*).

{¶ 16} Applying *Jones*, we have consistently held that "assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is *no longer grounds for this court to find reversible error.*" (Emphasis added.) *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13. *See also State v. Staten*, 6th Dist. Sandusky Nos. S-20-026, S-20-027, S-21-008, 2021-Ohio-3382, ¶ 13; *State v. Vargyas*, 6th Dist. Wood No. WD-20-068, 2021-Ohio-3383, ¶ 25; *State v. Woodmore*, 6th Dist. Lucas No. L-20-1088, 2021-Ohio-1677, ¶ 17; *State v. Buck*, 6th Dist. Wood No. WD-20-031, 2021-Ohio-1073, ¶ 7; *State v. White*,

10.

6th Dist. Wood No. WD-20-040, 2021-Ohio-987, ¶ 10; and *State v. Whitman*, 6th Dist. Sandusky No. S-21-003, 2021-Ohio-4510, 182 N.E.3d 506, ¶ 36.

**Analysis**

{¶ 17} At the sentencing hearing, the trial court stated it considered all of the following: the record; oral statements; victim impact statement; the presentence report; the purposes and principles of sentencing in R.C. 2929.11; and the seriousness and recidivism factors listed in R.C. 2929.12. The court emphasized the life-threatening physical injuries that appellant caused Fereza to suffer by listing the injuries and some of the medical treatment Fereza had to undergo. The court recognized appellant also caused serious psychological harm to Fereza. The court acknowledged appellant said he wanted both he and Fereza to get on with their lives, but the court observed that Fereza is going to suffer for the rest of his life, and Fereza is never going to be able to get on with his life the way it was before. The court believed appellant failed to express genuine remorse.

{¶ 18} Upon review, appellant concedes his sentence is within the bounds of the law. We concur and find the trial court's imposition of a 54-month prison term is within the statutorily-permissible range under R.C. 2929.14(A)(3)(a), and the mandatory three-year period of postrelease control is appropriate under R.C. 2967.28.

{¶ 19} Concerning appellant's claim that his sentence was a reaction to the challenged portions of Fereza's statement made at sentencing, we note R.C. 2930.14(B) provides that "[t]he court shall consider a victim's statement." Inasmuch as have

11.

determined the challenged portions of Fereza's statement were not new material facts, the trial court was required to consider all of Fereza's statement. We find the record reflects that the trial court, in accordance with R.C. 2930.14(B), appropriately considered Fereza's statement.

{¶ 20} Regarding appellant's contention that it was the trial court's belief that appellant failed to show genuine remorse even though he said he was truly remorseful for the unintentional accident, we note the court was duty bound to consider all relevant indicia, if applicable, whether appellant showed genuine remorse for the offense. *See* R.C. 2929.12(E)(5). Since the trial court observed appellant at the sentencing hearing and then arrived at its belief, it was in the best position to evaluate his sincerity. *See State v. Anthony*, 11th Dist. Lake No. 2019-L-045, 2019-Ohio-5410, 151 N.E.3d 13, ¶ 151. Moreover, we are not permitted to independently weigh the evidence and substitute our judgment for that of the trial court as to the sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *See Jones*. Thus, we find the trial court's belief that appellant failed to show genuine remorse does not make his sentence contrary to law.

{¶ 21} As to appellant's assertions that his sentence was excessive and the R.C. 2929.12(E) factors indicate community control as an appropriate sanction, we note the trial court, at the sentencing hearing, explicitly identified what it considered, including the record and the R.C. 2929.11 and R.C. 2929.12 factors, prior to imposing sentence. *See Tammerine*. *See also Jones*. We conclude appellant has not shown, by clear and

12.

convincing evidence in the record, that the record does not support the trial court's statutory findings or that his sentence is contrary to law under R.C. 2953.08(G)(2)(b). Consequently, a new sentencing hearing for appellant is not warranted.

{¶ 22} Based upon the forgoing, appellant's second assignment of error is not well-taken.

{¶ 23} The judgment of the Lucas County Common Pleas Court is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                  _____
                                      JUDGE

Christine E. Mayle, J.           

                                    _____

Myron C. Duhart, P.J.           JUDGE
CONCUR.

                                    _____
                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.