OPINION
{¶ 1} Defendant, Jason A. Dixon, appeals from his convictionand sentence for Attempted Burglary, R.C. 2923.02 and2911.12(A)(4), a felony of the fifth degree for which the courtimposed a prison term of eleven months.
 {¶ 2} On April 21, 2003, Defendant was charged by indictmentwith Aggravated Burglary, R.C. 2911.11(A)(1), a felony of thefirst degree. On June 23, 2004, Defendant appeared in open courtand offered a plea of guilty to the lesser-included offense ofAttempted Burglary.
 {¶ 3} Crim.R. 11(F) provides: "When, in felony cases, anegotiated plea of guilty or no contest to one or more offensescharged or to one or more other or lesser offenses is offered,the underlying agreement upon which the plea is based shall bestated on the record in open court."
 {¶ 4} The record of the June 23, 2003 plea hearing contains noreference made in open court, either by the State, the court, orthe Defendant, to a plea bargain agreement or its terms. However,the written guilty plea agreement signed by Defendant, hisattorney, and the Prosecuting Attorney states, inter alia: "Nopromises have been made to me to get me to plead guilty exceptfor the terms of this plea agreement which are stated entirely asfollows: `The State recommends a period of community control witha condition of a jail sentence equal to the time alreadyserved.'"
 {¶ 5} The court, after the colloquy required by Crim.R. 11(C),accepted Defendant's guilty plea. The matter came on forsentencing on July 8, 2003. The prosecuting attorney affirmedthat the State had promised to recommend community control, andthat the victims had said "that this was an outcome that would besatisfactory to them." (T. 4).
 {¶ 6} The court rejected the State's recommendation. The courtviewed the several victims' statements as lacking in credibility,and found that the Defendant's relationship with them hadfacilitated his offense and that it involved threats of physicalharm. Based on those findings, and the fact that Defendant was onpost-release control, the court rejected the community controlalternative recommended by the State and imposed an eleven monthterm of incarceration.
 {¶ 7} Defendant filed a timely notice of appeal. He presentstwo assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 8} "The trial court erred in sentencing Appellant to aprison term in contravention of his plea agreement."
 {¶ 9} The due process clause of the Fourteenth Amendmentrequires that any plea of guilty or no contest in a criminal casemust be entered knowingly, intelligently, and voluntarily. Statev. Engle (1996), 74 Ohio St.3d 525. A plea procured on promisesmade by the State fails to satisfy those requirements when theState breaches its promise or promises. Santobello v. New York(1971), 404 U.S. 257. The same reasonably applies to any suchpromises which were made by the court itself but which the courtdid not keep.
 {¶ 10} When the court conducted the Crim.R. 11(C) pleacolloquy it asked Defendant whether any promises had been made tohim "to get you to make this plea," and he replied "No." (T.5-6). The court obtained a further acknowledgment of that fromhim when it summarized Defendant's responses to the court'sinquiries and he affirmed his earlier statements.
 {¶ 11} Defendant argues that "[u]nder these circumstances, theCourt clearly conveyed to Appellant the impression that theState's recommendation was a promise that bound the Court."(Brief, p. 2). We cannot see how that follows. Furthermore,before it accepted the plea the court reviewed its severalsentencing options with Defendant, including the prospect ofincarceration, and Defendant said he understood them. (T. 11-12).It is thus difficult to read any promises by the court into theplea or the transactions that induced it.
 {¶ 12} The genesis of Defendant's contention is more likelythe court's omission of the admonition usually given that inimposing sentence the court would not be bound by anyrecommendation the State had promised to make. That's notrequired by Crim.R. 11(C), but it's clearly the preferredpractice. The admonition clears the air of any false hope adefendant harbors that the court is in anyway bound or is likelyto follow the state's recommendation. We urge the trial courts toapply it uniformly when a plea of guilty or no contest is theproduct of a plea bargain. The court may have failed to give theadmonition here because the State's omission of the recitationrequired by Crim.R. 11(F) didn't alert the court to the need ofit.
 {¶ 13} We cannot find that, on this record, the trial court inany way promised the Defendant that it would impose a sentencedifferent from the one it imposed, such that this guilty plea wasthe product of a breach that rendered it less than knowing,intelligent, and voluntary. The first assignment of error isoverruled.
 SECOND ASSIGNMENT OF ERROR {¶ 14} "Appellant was denied his constitutionally mandatedright to effective assistance of counsel."
 {¶ 15} In order to prevail on a claim of ineffectiveassistance of counsel it must first be shown that counsel'sperformance failed to satisfy prevailing professional norms insome respect. Second, it must be shown that as a result of thatdefect the defendant was prejudiced to such an extent that,absent the defect, the outcome of the proceeding probably wouldhave been otherwise. Further, that prejudice must beaffirmatively demonstrated. Strickland v. Washington (1984),466 U.S. 668.
 {¶ 16} Defendant argues that his trial counsel failed in hisprofessional duty to Defendant when he failed to object when thecourt imposed a sentence different from what it had promised toimpose, breaching the plea agreement. Having found that the courtmade no such promise, we cannot find that Defendant's attorneyfailed in his duty in the respect alleged.
 {¶ 17} The second assignment of error is overruled. Thejudgment of the trial court will be affirmed.
 Judgment affirmed.
 Brogan, J. and Young, J., concur.