OPINION
{¶ 1} Defendant-appellant Scott Wallen appeals from his conviction and sentence for Aggravated Burglary, with a firearm specification, and Felonious Assault, following a no-contest plea. Wallen contends that the trial court erred by denying his motion to withdraw his plea.
 {¶ 2} The only error we have found in the record is the trial court's application of the stricter, post-sentencing standard to Wallen's motion to withdraw his plea. The trial court, after indicating its inclination to apply the post-sentencing standard, afforded both parties an opportunity to brief that issue; neither party did so. Accordingly, we conclude that Wallen has waived objection to the trial court's application of an incorrect standard, so that this error is governed by the plain-error standard of appellate review. We find no plain error. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Wallen was charged by indictment with one count each of Aggravated Burglary, Felonious Assault, and Aggravated Robbery, each with a firearm specification. Wallen filed a motion to suppress, which he later withdrew. In a plea bargain, Wallen tendered a no-contest plea to one count of Aggravated Burglary, with a firearm specification, and one count of Felonious Assault, and the Aggravated Robbery count was dismissed. Also as part of the plea bargain, both parties agreed to a sentence of three years on both counts, to be served consecutively to the three-year sentence for the firearm specification, and the State agreed not to oppose Wallen's motion for judicial release once he completed the three years on the firearm specification and six months on the remaining three-year sentence. *Page 3 
 {¶ 4} After an extensive colloquy, in which the mechanics of the judicial release opportunity were discussed more than once, the trial court accepted Wallen's no-contest plea.
 {¶ 5} Later, but before sentence was imposed, Wallen moved to withdraw his plea. The trial court conducted a hearing on Wallen's motion, at which Wallen testified. At the conclusion of the hearing, the trial court indicated that it was of the opinion that despite the motion's having technically been filed before sentencing, the motion would be governed by the stricter standard required by Crim. R. 32.1 for a post-sentence motion to withdraw a plea, because of an opinion of this court. At that time, the trial court could not recall that opinion, but the trial court later identified it as State v. Long (May 13, 1993), Montgomery App. No. 13285, WL 155662, 1993 Ohio App. LEXIS 2502. The trial court indicated some uncertainty concerning this point, however, and continued: "What I would allow is that either of you can present any case law that you have to me one week from today, if you have anything that you want to present. I don't need argument unless you think that you need to present argument, but I don't need argument. What — all I need is the case law on that issue."
 {¶ 6} Neither party presented any memorandum or brief to the trial court following the hearing on Wallen's motion to withdraw his plea.
 {¶ 7} At a single, subsequent hearing, the trial court denied Wallen's motion to withdraw his plea, stating its reasons in the record, and proceeded to impose the agreed upon sentence of three years for Aggravated Burglary, with a three-year sentence for the firearm specification to be served prior to, and consecutively to, that sentence, and two years for Felonious Assault, to be served concurrently with the Aggravated Burglary *Page 4 
sentence.
 {¶ 8} From his conviction and sentence, Wallen appeals.
 II {¶ 9} Wallen's sole assignment of error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA."
 {¶ 11} The trial court stated its reasons for overruling Wallen's motion on the record, at the hearing on June 20, 2006 at which the trial court both overruled the motion and proceeded to sentence Wallen, as follows:
 {¶ 12} "After his Plea, the Defendant filed a Motion to Withdraw his Plea, the Court had an Evidentiary Hearing on the Motion, and as part of that Evidentiary Hearing the Court reviewed in its entirety the Mo — the Rule 11 colloquy that was conducted at the time of his Plea.
 {¶ 13} "The Defendant testified at the hearing that his attorney told that he had never won a case and if he entered a Plea that he would receive six years, that he could be out in three by judicial release. The Defendant testified that after he took the Plea that he checked information about the judicial release and claims to have been confused about it.
 {¶ 14} "He testified that he was uncertain about the judicial release and the time served. However, the Court in reviewing the Rule 11 discussion at the time of the Plea, the Court went over in great detail and with quite a bit of patience exactly what the timing would be on whether he would be eligible and when he would be eligible for judicial release. The entire Plea took about twenty-two minutes. The Defendant asked *Page 5 
questions at the time of the Plea. He did be — appear at all to be confused on that day [sic].
 {¶ 15} "Generally speaking, when there — a Motion for Withdrawal of a Plea is made before Sentencing, it is to be liberally granted. However, the case law in this district seems to indicate — and I refer toState of Ohio v. Long, 1992 [sic — should be 1993] Ohio App. Lexis 2502, that when a Defendant already knows what the agreement is and knows what his Sentence is, that effectively the Motion should be treated as being made after the Sentencing because he already knows what his Sentence is. It's just a matter of effectuating it at the time of Sentencing. There may be many reasons why it's scheduled for some time after the Plea itself and that is what happened in this case.
 {¶ 16} "And under those circumstances, if it is — that the Motion to Withdraw is effectively after the time of Sentencing, then it should only be granted to — when there is — I believe the wording of the Rule is to prevent the manifest injustice [sic]. So the Court could overrule the Motion simply for that reason because the Defendant has not demonstrated manifest injustice. He knew what the Sentence was going to be.
 {¶ 17} "However, I've also considered carefully the Defendant's testimony and the evidence that was presented and the Plea itself. And the Court finds as a matter of fact that the only thing that was different from the time that he wanted to withdraw the Plea is that Mr. Wallen changed his mind and had a change of heart. That is insufficient reason. It is not a sufficient reason to withdraw the Plea.
 {¶ 18} "This Plea was taken shortly before the case was scheduled to go to trial. In any — everyone who decided that they wanted to have a change of heart were *Page 6 
allowed to withdraw their Plea at a later time simply because they changed their heart or changed their mind, then we would not be able to accomplish what we do in Court every day.
 {¶ 19} "Under the circumstances of this event the Defendant has not demonstrated in my mind proof that he has demonstrated a reason to withdraw his Plea, and the Court is not going to allow him to withdraw his Plea.
 {¶ 20} "That being the case then, the Motion to Withdraw the Plea is overruled."
 {¶ 21} We have reviewed the records of both the plea hearing and the hearing on Wallen's motion to withdraw his plea, and we conclude that they support the trial court's findings. Although Wallen demonstrated some initial confusion concerning whether his time spent in jail on these charges would count towards the three years and six months that he would have to serve before he would be eligible for judicial release, the trial court went over this subject with him painstakingly at the plea hearing, and made it clear that although Wallen would, of course, get a jail-time credit against the total sentence imposed, the wording of the applicable statute precluded his jail time being credited against the three years and six months that he would have to serve before becoming eligible for judicial release.
 {¶ 22} Indeed, the only error we have found in the record of the proceedings is the trial court's conclusion that the stricter, "to correct manifest injustice" standard imposed by Crim. R. 32.1 for the granting of post-sentence motions to withdraw a plea should apply. InState v. Fugate, Montgomery App. No. 21574, 2007-Ohio-26, we held that the reason for the State v. Long, supra, application of the stricter, post-sentencing standard to a motion to withdraw that is only technically before the imposition of *Page 7 
sentence (because the defendant has found out what sentence the trial court is going to impose) does not apply to an agreed sentence. Where a sentence is agreed to as part of a plea bargain, and the trial court has indicated that it is joining in the agreement, there has been no "unpleasant surprise" to the defendant after "testing the sentencing waters," which is the rationale for the stricter standard for a post-sentencing motion to withdraw a plea.
 {¶ 23} Nevertheless, we conclude that Wallen has waived all but plain error in this regard, since the trial court indicated that it was inclined to apply the stricter, post-sentencing standard to Wallen's motion, but gave him an opportunity to file a memorandum or brief on that subject, and Wallen did not file anything challenging the trial court's incorrect understanding of the law on this subject. We find no plain error, in view of the trial court's having expressly found that it would not find Wallen's motion well-taken even applying the more liberal standard reserved for pre-sentence motions to withdraw a plea. The trial court found that the motion was based upon nothing more than a change of heart on Wallen's part. A mere change of heart has been found to be an insufficient basis for granting a pre-sentence motion to withdraw a plea. State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715.
 {¶ 24} Wallen's sole assignment of error is overruled.
 III {¶ 25} Wallen's sole assignment of error having been overruled, the judgment of the trial court is Affirmed. *Page 8 
DONOVAN and WALTERS, J.J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1