[Cite as *State v. Kongkeo*, 2012-Ohio-356.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96691

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## AMPHA KONGKEO

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-472076

**BEFORE:** Stewart, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 2, 2012

**ATTORNEY FOR APPELLANT**

Philip Eichorn
Philip Eichorn Co., LPA
1370 W. 6th Street, Suite 202
Cleveland, OH   44113

**ATTORNEYS FOR APPELLEES**

William D. Mason
Cuyahoga County Prosecutor

BY:   Kristen L. Sobieski
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113

MELODY J. STEWART, P.J.:

{¶ 1} Defendant-appellant Ampha Kongkeo pleaded guilty to first degree misdemeanor counts of receiving stolen property and theft. Kongkeo, who is not a United States citizen (she was granted refugee status in 1989 and permanent residency in 1992), was advised at the time of the plea that "pleading guilty may have the consequences of deportation or denial of naturalization to the laws of the United States." She did not appeal from her conviction. More than two years later, after deportation proceedings were commenced against her, she filed a motion to withdraw her guilty plea on grounds that trial counsel "did not address her citizenship status with the Court" nor

did trial counsel "properly inform Defendant about the immigration consequences or refer to an immigration attorney." The court denied the motion to withdraw the guilty plea without a hearing. Kongkeo complains that the court erred by denying the motion to withdraw the guilty plea without first conducting a hearing and more fully developing the record.

{¶ 2} A post-sentence motion to withdraw a guilty plea is governed by the "manifest injustice" standard. See Crim.R. 32.1. A manifest injustice has been defined as a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83, meaning that a post-sentence withdrawal motion to withdraw a guilty plea is allowable only in extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). Because the decision of whether an injustice exists requires an examination of the underlying facts asserted in the motion, we review a trial court's refusal to allow a post-sentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992); *State v. Bankston*, 8th Dist. No. 92777, 2010-Ohio-1576, 2010 WL 1386380, ¶ 50.

{¶ 3} Although a hearing is generally required for pre-sentence motions to withdraw guilty pleas, post-sentence motions to withdraw guilty pleas are treated differently. This is because the courts presume that guilty or no contest pleas are voluntarily entered in compliance with Crim.R. 11. *See State v. Hall*, 8th Dist. No. 55289, 1989 WL 42253 (Apr. 27, 1989). The movant thus has the burden of showing why the plea was infirm, a burden that requires "a prima facie showing of merit before

the trial court need devote considerable time to it." *Id.*; *State v. Wittine*, 8th Dist. No. 90747, 2008-Ohio-5745, 2008 WL 4813830, ¶ 9. Hence, "[a] hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *State v. Barrett*, 10th Dist. No. 11AP-375, 2011-Ohio-4986, 2011 WL 4489169, ¶ 9, citing *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, 2004 WL 2616430, ¶ 6.

**{¶ 4}** Kongkeo filed an affidavit in support of her motion to withdraw the guilty plea, stating that she and her attorney "never spoke about the consequences of a plea bargain." We have held that a trial judge need not take an affidavit at face value but may, in the exercise of discretion, judge the credibility of an affidavit submitted in support of a motion to withdraw a plea in determining whether to accept the affidavit as true statements of fact. *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, 884 N.E.2d 607 (8th Dist.), ¶ 14. This is all the more true when "the only evidence provided consists of affidavits from interested parties which conflict with the facts elicited at the plea hearing." *State v. Yearby*, 8th Dist. No. 79000, 2002 WL 120530 (Jan. 24, 2002).

**{¶ 5}** Kongkeo's affidavit was contradicted by the record of the plea proceedings. During the July 14, 2008 proceedings before the court in which she intially sought to enter a guilty plea, Kongkeo personally informed the court that she was not a United States citizen. This prompted the court to advise her that "the conviction of the offense to which you are pleading guilty may have the consequences of deportation, exclusion from admission to the United States, and denial on the [sic] naturalization pursuant to the

laws of the United States." In response to the court's advisement, defense counsel stated, "[i]t's a problem." The court then asked whether Kongkeo might be placed back into the court's diversion program (Kongkeo entered the diversion program in 2006, but was removed from the program due to her failure to make full restitution to the victim). The court then reset the plea proceedings.

{¶ 6} The court convened on July 29, 2008 to take Kongkeo's guilty plea. Defense counsel advised the court that Kongkeo was not a United States citizen. The court acknowledged its understanding of that fact and again advised Kongkeo that her guilty plea "may have the consequences of deportation or denial of naturalization to the laws of the United States." Kongkeo stated that she understood there might be immigration and naturalization consequences to her guilty plea and then proceded to enter the plea.

{¶ 7} While the record does not specifically show that defense counsel and Kongkeo conferred on deportation as a possible consequence of the guilty plea, the conclusion that they did seems inescapable. It would be irrational to find that defense counsel did not discuss the possibility of deportation with Kongkeo after the court recessed in response to defense counsel's assertion that Kongkeo's alienage was "a problem." Defense counsel is presumed competent, *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and it is beyond conception that defense counsel would not have further advised Kongkeo about the consequences of her plea at that stage of the proceedings, particularly when the court appeared to recess for

that purpose. Our conclusion is reinforced by Kongkeo's statement, made during the second plea hearing, that she understood her guilty plea might have consequences for her continued residency in the United States. On the record before us, the court could rationally have concluded that Kongkeo's affidavit was so self-serving and contrary to the record that it lacked any credibility.

{¶ 8} Kongkeo cites to the United States Supreme Court decision in *Padilla v. Kentucky*, 559 U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), as authority for the proposition that an attorney renders ineffective assistance of counsel by failing to advise a defendant that a guilty plea may subject the defendant to automatic deportation. *Padilla* has no application here because that case involved a defense attorney who gave Padilla "false assurance that his conviction would not result in his removal from this country." *Id.*, 559 U.S. at ___, 130 S.Ct. at 1483. Even if Kongkeo's affidavit was accepted at face value, it only shows that defense counsel did not discuss the residency consequences of the plea, not that defense counsel assured Kongkeo that she would not be deported if convicted.

{¶ 9} Having been twice informed by the court that her guilty plea might lead to deportation, Kongkeo cannot colorably argue that her guilty plea was the product of a manifest injustice by virtue of defense counsel's failure to advise her that she could be deported as a consequence of her plea. It follows that the motion to withdraw the guilty plea failed to set forth a prima facie case entitling her to relief, so the court did not abuse its discretion by denying the motion without first conducting a hearing.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR