[Cite as *State v. Melson*, 2023-Ohio-1231.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-53 |
| | : | |
| v. | : | Trial Court Case No. 21-CR-0433 |
| | : | |
| DUSTIN MELSON | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 14, 2023

. . . . . . . . . . .

ANDREW P. PICKERING, Attorney for Appellee

MICHAEL J. SCARPELLI, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Dustin Melson appeals from his conviction following a guilty plea to one count of breaking and entering, a fifth-degree felony.

{¶ 2} In his sole assignment of error, Melson challenges the knowing, intelligent, and voluntary nature of his plea. Specifically, he contends the trial court erred by failing to tell him it was not required to impose the State's recommended sentence. Melson

claims that this lack of notice violated his due-process right and that the trial court should have given him an opportunity to withdraw his plea.

{¶ 3} Despite the trial court's lack of an explicit statement that it was not required to follow the State's recommendation, we are persuaded that Melson knew that when he entered his plea. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} Melson pled guilty to breaking and entering in Clark C.P. No. 21-CR-0433 as part of a global resolution of three cases against him. Under the terms of the negotiated resolution, Melson agreed to plead guilty to one count in each case. In exchange, the State agreed, among other things, to dismiss all other charges and to recommend community-control sanctions in each case. The agreement also provided for the preparation of a presentence-investigation report.

{¶ 5} Prior to accepting Melson's plea, the trial court conducted a Crim.R. 11 colloquy. At that time, the trial court ensured Melson's understanding of the plea agreement. It specifically confirmed his understanding that the State had "agreed to recommend that you be placed on community control also known as probation." Melson acknowledged that no other promises had been made to him. The trial court proceeded to inform him of the maximum penalty in each case as well as the aggregate maximum penalty in all three cases. The trial court told him about conditions that could be imposed "[i]f you are placed on community control" and about what could happen "if you were sentenced to prison[.]" Again, Melson acknowledged his understanding.

{¶ 6} The plea form Melson signed prior to the plea hearing similarly advised him

of the maximum term he faced in each case as well as the fact that the trial court could impose prison terms. The form also recited the parties' plea agreement, including the State's agreement to "recommend community control[.]" The form included Melson's acknowledgment that no promises had been made except those set forth in the plea agreement.

{¶ 7} At a subsequent sentencing hearing, the trial court declined to follow the State's community-control recommendation. The trial court made a finding that Melson had violated the conditions of his bond in Case No. 21-CR-0433 by being indicted in Logan County for offenses that allegedly had occurred a week after he was arraigned and bond was set in this case. The trial court proceeded to impose concurrent 11-month prison sentences in all three cases.

## II. Analysis

{¶ 8} Melson contends the trial court failed to put him on notice before his plea that it might deviate from the State's recommended community-control sanction. He asserts that the trial court was obligated to "take the additional step" of advising him that it was not bound by the State's recommendation and that it could impose a prison term. Melson claims the trial court's failure to do so invalidated his plea and resulted in a due-process violation.

{¶ 9} Upon review, we find Melson's argument to be unpersuasive. "Crim.R. 11(C)(2)(a) provides that, before accepting a guilty plea, a court must '[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of * * * the maximum penalty involved[.]' " *State v. Jones*, 2d Dist. Montgomery No. 24772, 2013-Ohio-119, ¶ 6.

Likewise, "[t]he due process clause of the Fourteenth Amendment requires that any plea of guilty or no contest in a criminal case must be entered knowingly, intelligently, and voluntarily." *State v. Dixon*, 2d Dist. Clark No. 2002-CA-45, 2004-Ohio-4262, ¶ 9. "A plea procured on promises made by the State fails to satisfy those requirements when the State breaches its promise or promises." *Id.* "The same reasonably applies to any such promises which were made by the court itself but which the court did not keep." *Id.*

{¶ 10} Here Melson acknowledged in his plea form and during the Crim.R. 11 plea hearing that the only relevant promise made was the State's promise to "recommend" community control sanctions. The State fulfilled that promise at sentencing. We note too that before accepting Melson's guilty plea, the trial court reviewed the potential penalties involved and its sentencing options, which included references to both community control and the statutory maximum prison term. Under these circumstances, it would have been unreasonable for Melson to "read any promises by the court into the plea or the transactions that induced it." *Id.* at ¶ 11.

{¶ 11} As for the trial court's failure to tell Melson directly that it was not bound by the State's recommendation, the better practice is "to specifically forewarn" a defendant of that fact. *State v. Downing*, 2d Dist. Green No. 2019-CA-72, 2020-Ohio-3984, ¶ 34. Nevertheless, a trial court does not err in exceeding a sentence recommended in a plea agreement where the defendant has been made aware of the applicable penalties and the possibility of receiving a greater sentence than the State proposed. *Id.* "This standard can be met without the court's specifically telling the defendant that it is not bound by the State's recommendation as to sentence." *Id.*, citing *Dixon*.

{¶ 12} In *Downing*, we upheld a defendant's guilty plea despite the trial court's exceeding the State's sentencing recommendation without specifically telling the defendant that it could do so. As in the present case, the defendant in *Downing* had been advised of the maximum prison term he faced (which exceeded the State's recommended six-year term). The trial court also confirmed the defendant's understanding that the State had "recommended" a six-year prison term and that no other promises or representations had been made. The trial court told the defendant that it was required to impose a definite term and that it would "pick a number," the question being "what will be the length of that prison sentence."

{¶ 13} As in *Downing*, we conclude that Melson was made aware of the applicable penalties and the possibility of receiving a greater sentence than the State proposed. The State's agreement to "recommend" community control itself strongly should have indicated that the trial court was not bound to impose it. The trial court also reviewed the potential penalties and its sentencing options, which included references to both community control and prison. It specifically told Melson what could happen if it imposed community control and if it imposed a prison term. This too reasonably should have alerted him to the possibility of receiving a prison sentence despite the State's recommendation.

{¶ 14} In opposition to the foregoing conclusion, Melson relies on *State v. Elliott*, 2021-Ohio-424, 168 N.E.3d 33 (1st Dist.). In that case, the defendant argued that he had negotiated an "agreed" sentence, not a sentencing "recommendation" by the State. The defendant reasoned that the trial court's failure explicitly to reject the "agreed" sentence

before accepting his plea bound the trial court to impose it. *Id.* at ¶14. On review, the First District observed that "[i]f the trial court accepts a plea agreement containing a recommendation, the agreement necessarily acknowledges that the trial court may deviate from the recommendation." *Id.* at ¶ 16. This observation is consistent with our analysis above.

{¶ 15} The First District then added that the law is less settled where a trial court appears to indicate its acceptance of a recommended sentence before taking a plea and then later deviates from it. *Id.* at ¶ 17. To avoid unfairness in such a situation, the First District noted that a defendant must receive adequate notice that that trial court might deviate from the sentencing recommendation. *Id.* at ¶ 18. Finally, the First District stated that if a trial court accepts a "stipulated" or "agreed" sentence, then the sentence must be imposed. In *Elliott*, the First District ultimately concluded that the case before it involved a sentence jointly recommended by the State and the defendant, not a stipulated or agreed sentence. The First District noted too that the trial court had made clear that it was not bound by the recommended sentence. *Id.* at ¶ 22-23.

{¶ 16} Upon review, we see nothing in *Elliott* that conflicts with our analysis. In Melson's case, the State "recommended" community control as part of a plea agreement. As the First District recognized, such a recommendation "necessarily acknowledges" that a trial court is not bound by it. Moreover, we see nothing in the record indicating the trial court's own "acceptance" of the recommended sentence prior to accepting Melson's guilty plea. The trial court characterized the recommendation as exactly that while also advising Melson about the prison terms it could impose and the potential ramifications of a prison

sentence. Under these circumstances, we believe Melson was made aware of the trial court's ability to deviate from the State's recommendation. As we pointed out in *Downing*, this requirement can be satisfied without a trial court's explicitly telling a defendant that it is not bound by the recommendation. Accordingly, Melson's assignment of error is overruled.

### III. Conclusion

{¶ 17} The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and HUFFMAN, J., concur.