[Cite as *State v. Peeples*, 2025-Ohio-677.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-13 |
| | : | |
| v. | : | Trial Court Case No. 22 CR 514 |
| | : | |
| DERRICK D. PEEPLES | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 28, 2025

. . . . . . . . . . .

ADAM JAMES STOUT, Attorney for Appellant

MATTHEW C. JOSEPH, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Derrick D. Peeples appeals from a judgment of the Miami County Court of Common Pleas convicting him of attempted aggravated murder following his guilty pleas to several offenses, which were merged for sentencing. For the

reasons that follow, we will affirm the judgment of the trial court.

I.      Facts and Course of Proceedings

{¶ 2} On November 10, 2022, Peeples was indicted by a Miami County grand jury on one count of attempted aggravated murder, a first-degree felony in violation of R.C. 2923.02 and 2903.01; one count of conspiracy, a second-degree felony in violation of R.C. 2923.01; and one count of felonious assault, a second-degree felony in violation of R.C. 2903.11.   A firearm specification was attached to the attempted aggravated murder count.   Peeples pleaded not guilty to these charges.

{¶ 3} A jury trial was scheduled for August 29, 2023.   However, on August 24, 2023, the trial court issued an order vacating the jury trial because Peeples had decided to change his pleas from not guilty to guilty.   On August 29, 2023, the trial court held a plea hearing and then a sentencing hearing.   Prior to the plea hearing, Peeples had an opportunity to review the guilty plea form with his attorney.   According to the State at the plea hearing, Peeples agreed to plead guilty as charged in the indictment, and the State agreed to jointly recommend a four-year minimum term on Count 1, which would run concurrently to the sentence in Wood C.P. No. 2022-CR-354 but consecutively to the three-year firearm specification attached to Count 1 of the indictment.   The State also agreed that the three counts of the indictment would merge for the purpose of sentencing. Peeples stated that his understanding of the plea agreement was the same as the State's understanding.

{¶ 4} Peeples signed the written guilty plea form, which provided, in part:

I understand that the Court will select the minimum term from a range of 3-11 years on Count 1 and from 2-8 years on Counts 2 and 3. I understand the maximum term is automatically the minimum term plus 50%. I understand the maximum penalty I could face is 16 ½ years on Count 1 and 12 years each on Counts 2 and 3. I will be subject to a mandatory period of up to 5 years but not less than 2 years of post-release control. The maximum term is only imposed upon the most serious offense, or a felony of the first degree.

. . .

No promises have been made for my plea of guilty except as part of this plea agreement which is stated entirely as follows: In exchange for Defendant's guilty pleas to all charges in the Indictment, the State agrees to jointly recommend with the Defense a four year minimum term on Count One, agreeing that all counts merge for purposes of sentencing. The parties further jointly recommend the sentence run concurrent to Wood County Common Pleas Court Case No. 2022CR354, but consecutive to the Firearm Specification of Count One of the Indictment of three years as required by law. However, I understand the Court is not required to follow the agreement between the parties and is only limited to the penalties as outlined above.

(Emphasis in original.)

{¶ 5} At the plea hearing, the trial court engaged in a plea colloquy with Peeples.

After asking questions about his physical and mental status, the court inquired whether anyone had threatened him to enter into the guilty pleas or promised him anything other than what was contained in the written plea form. Peeples responded in the negative. The court then asked Peeples, "Do you understand that despite that recommendation in the plea form, which included a total of seven-year sentence, the court does not have to accept that, but can sentence you under the law?" Peeples replied, "Yes, ma'am." Aug. 29, 2023 Tr. 7. The court also went over each count of the indictment with Peeples and explained the range within which the court could select a minimum sentence for each offense. Peeples replied in the affirmative when the court asked him whether he understood that the trial court would select the minimum prison term. *Id.* at 11. Peeples also stated that he understood that the three-year prison term on the firearm specification would need to be served consecutively to the prison sentence for his attempted aggravated murder offense. *Id.* at 14-15.

{¶ 6} The trial court also explained the constitutional rights Peeples would be waiving by entering guilty pleas. At the end of the plea hearing, the trial court accepted the guilty pleas and found Peeples guilty as charged. The trial court then proceeded with the sentencing hearing.

{¶ 7} During the sentencing hearing, the trial court allowed Peeples and his counsel to make statements in support of the jointly-recommended sentence. The trial court explained to Peeples his appellate rights and advised him about post-release control. The trial court explained the information and statutory factors it had considered and that it had decided to impose a sentence greater than the jointly-recommended

sentence.   The court then imposed the following sentence:

> As already indicated and agreed to, there's no sentencing on Count 2 conspiracy or Count 3 felonious assault as they merge into Count 1.   The court also imposes on the firearm specification the mandatory three years.   It does run consecutive and prior to Count 1, the attempted aggravated murder.   It cannot run concurrent to Wood County.   That must be consecutive as well.   . . .   [O]n Count 1, aggravated murder, indefinite sentencing, there will be a six-year mandatory minimum term, which means a nine-year maximum term.   That will run concurrent to Wood County, Case No. 2022 CR 354.   It does run consecutive after the firearm specification.   It is a mandatory minimum, as well as the mandatory firearm specification, so you will have a mandatory nine-year term because of the three-year firearm spec and then six years on Count 1.   . . . The specification is not part of that indefinite term.   It must be served prior to and consecutive to the indefinite sentence.

Aug. 29, 2023 Tr. 39-41.

{¶ 8} On September 19, 2023, the trial court held a status conference with the parties.   According to the court, when it was preparing its entry, it realized that due to the attempted aggravated murder conviction, Peeples would automatically be considered a violent offender by statute, which carried a registration requirement of ten years in the violent offender database.   Therefore, the trial court contacted counsel to determine their views on whether Peeples had to be informed of this violent offender status as part of his

plea hearing. Counsel for Peeples stated that his client objected to proceeding because "[s]ection 2943.42(A)(1)(a) states that the advice regarding the violent offender database and the obligations thereunder must be given before sentencing." Sept. 19, 2023 Tr. 3. Counsel then asked for more time to speak with his client and potentially file a motion to withdraw his pleas. The trial court granted counsel's request.

{¶ 9} On October 2, 2023, Peeples filed a motion to withdraw his guilty pleas. He summarized the procedural history of the case and acknowledged that he had to show a "manifest injustice" in order to succeed on his motion to withdraw filed after the imposition of sentence. Motion to Withdraw Guilty Pleas, p. 4. Peeples explained that the offenses of attempted aggravated murder and conspiracy to commit aggravated murder share the common element of prior calculation and design. However, according to Peeples, the chronology of events was more consistent with an " ' instantaneous eruption of events' than a scheme to kill." Id. at 5, citing State v. Taylor, 78 Ohio St.3d 15, 22 (1997). He concluded, "Peeples' guilty pleas to the offenses requiring prior calculation and design to kill lack a factual basis. In addition, Peeples was not aware that his convictions would require him to register with the sheriff for placement on the [Violent Offender Registry]. His pleas are therefore fundamentally flawed. It would therefore be a 'manifest injustice' to allow his convictions to stand." Id.

{¶ 10} The State opposed Peeples' motion, arguing that the relevant factors the court must consider weighed against granting the motion. According to the State, the fact that Peeples was not informed at the time of his plea that he would be required to register as a violent offender for a ten-year period was an insufficient basis to grant a

motion to withdraw a guilty plea. State's Response to Defendant's Motion to Withdraw Guilty Plea, p. 3, citing *State v. Hall*, 2021-Ohio-1894 (2d Dist.).

{¶ 11} A hearing on Peeples' motion to withdraw his guilty pleas was held on October 5, 2023. No evidence or testimony was presented at the hearing. Rather, Peeples' attorney stated the following:

Well, your honor, the motion pretty much outlines our position that Mr. Peeples pled guilty to all three counts of the indictment because he was receptive to the recommended sentence by the prosecutor. He's had reservations about that since and, as we indicated in the motion, the first two counts of the indictment require proof of calculation and design and the recordings of the phone calls between the two other co-defendants reveals there was never a discussion about killing anyone and with respect to the evidence at the scene, specifically, the eye witnesses, there was no evidence that there was an argument between the victim and the Defendant and no proof of a premeditated killing. The evidence suggested it was a spur of the moment event and, therefore, there is a lack of a factual basis for the guilty pleas, at least for the first two counts.

Oct. 5, 2023 Tr. 2-3.

{¶ 12} On April 17, 2024, the trial court denied Peeples' motion to withdraw his guilty pleas. The court found Peeples fully understood the charges and the possible penalties at the time of his plea hearing. Further, the court found that it had not been required to advise Peeples prior to his guilty pleas of the collateral consequences of

registration as a violent offender. Therefore, the trial court stated that the plea hearing satisfied the requirements of Crim.R. 11. The court concluded that Peeples had not met his burden to establish that he would not have entered his pleas had he been advised at the plea hearing of the violent offender database and his registration requirement.

{¶ 13} The trial court held a second sentencing hearing on April 24, 2024, at which time it notified Peeples of his violent offender registration requirements. The court also reiterated the sentence it had stated at the first sentencing hearing. The same day, the trial court issued a judgment entry. The trial court sentenced Peeples to a minimum of 6 years and a maximum of 9 years on Count 1 and stated that there would be a 3-year, prior consecutive sentence on the firearm specification. The court stated, "By operation of R.C. § 2929.144(B)(3), the total stated prison sentence on Count 1 is a minimum of 6 years and a maximum term of 9 years with a prior consecutive sentence of 3 years on the firearm specification." The court concluded, "Said sentence shall run concurrent to *State v. Derrick Peeples*, Wood County C.P. Court Case No. 2022CR354." Peeples had previously received an 18-month sentence in the Wood County case for having a weapon while under disability, a third-degree felony in violation of R.C. 2923.13(A)(2). *State v. Peeples*, 2024-Ohio-993, ¶ 4-5 (6th Dist.).

{¶ 14} Peeples filed a timely notice of appeal from the trial court's April 24, 2024 judgment.

II. The Trial Court Did Not Err in Sentencing Peeples to More Prison Time Than He and the State Jointly Recommended

{¶ 15} Peeples' first assignment of error states:

The Trial Court Erred in Deviating from the Recommended Sentence that Defendant Reasonably Expected to Receive Pursuant to a Plea Agreement.

{¶ 16} Peeples argues that his plea was not knowingly and voluntarily made when the trial court failed to inform him that it would impose a "substantially greater sentence" than the recommended sentence. Appellant's Brief, p. 7. According to Peeples, the trial court failed to notify him that it could deviate from the jointly-recommended sentence or that it could impose consecutive sentences. The trial court "then proceeded to explain how minimum and maximum sentence would function using as an example the recommended sentence pursuant to the plea agreement." *Id.* at 10. Peeples contends "[t]his is the type of 'bait and switch' that courts must be wary of participating in." *Id.*

{¶ 17} The State responds that the trial court "informed Appellant that it was not required to follow the joint recommendation both in the plea form signed by Appellant as well as on the record at the change of plea hearing." Appellee's Brief, p. 4. Further, the State contends that the trial court's decision to add two years to the jointly recommended sentence was not a "substantially greater sentence." *Id.* at 5.

{¶ 18} "Crim.R. 11(C)(2)(a) provides that, before accepting a guilty plea, a court must '[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of . . . the maximum penalty involved[.]' " *State v. Jones*, 2013-Ohio-119, ¶ 6 (2d Dist.). Likewise, "[t]he due process clause of the Fourteenth Amendment requires that any plea of guilty or no contest in a criminal case must be entered knowingly, intelligently, and

voluntarily." *State v. Dixon*, 2004-Ohio-4262, ¶ 9 (2d Dist.), citing *State v. Engle*, 74 Ohio St.3d 525 (1996). "A plea procured on promises made by the State fails to satisfy those requirements when the State breaches its promise or promises." *Id.*, citing *Santobello v. New York*, 404 U.S. 257 (1971). "The same reasonably applies to any such promises which were made by the court itself but which the court did not keep." *Id.*

{¶ 19} Here, Peeples acknowledged in his plea form and during the Crim.R. 11 plea hearing that the only relevant promises made by the State were to "jointly recommend" (1) a four-year minimum term on Count One, (2) all counts would merge for purposes of sentencing, and (3) the sentence would run concurrent to Wood C.P. No. 2022CR354 but consecutive to the firearm specification of Count One. The State fulfilled its promise by making these three recommendations to the trial court.

{¶ 20} A trial court does not err in exceeding a sentence recommended in a plea agreement where the defendant has been made aware of the applicable penalties and the possibility of receiving a greater sentence than the State proposed. *State v. Melson*, 2023-Ohio-1231, ¶ 11 (2d Dist.), citing *State v. Downing*, 2020-Ohio-3984, ¶ 34 (2d Dist.). Prior to accepting Peeples' guilty pleas, the trial court made him aware that it was not bound by the parties' recommended sentence. The written plea form set forth the range of years from which the trial court could choose for the minimum of each count in the indictment. The form then stated, "However, I understand the Court is not required to follow the agreement between the parties and is only limited to the penalties as outlined above." Peeples signed this plea form. Further, at the plea hearing, the trial court asked Peeples "Do you understand that despite that recommendation in the plea form,

which included a total of seven-year sentence, the court does not have to accept that, but can sentence you under the law?" Peeples replied, "Yes, ma'am." Aug. 29, 2023 Tr. 7. Under these circumstances, it would have been unreasonable for Peeples to "read any promises by the court into the plea or the transactions that induced it." *Dixon* at ¶ 11.

{¶ 21} The fact that the trial court imposed a lengthier prison sentence than recommended by the parties did not render Peeples' guilty pleas less than knowing, intelligent, and voluntary. The first assignment of error is overruled.

III. The Trial Court's Oral Pronouncement at the Sentencing Hearing Did Not Differ From the Written Judgment Entry

{¶ 22} Peeples' second assignment of error states:

The Trial Court Erroneously Sentenced the Defendant by Pronouncing One Sentence to the Appellant and Then Entering a Different Sentence in the Court's Judgment Entry.

{¶ 23} Peeples argues that the trial court "erroneously imposed the Firearm Specification to be served consecutive to his Wood County Charge." Appellant's Brief, p. 11. Peeples also contends that he was not properly notified of his sentence because the trial court's pronounced sentence "substantively differ[ed]" from the judgment entry. *Id.* According to Peeples, "Nowhere in [R.C.] 2929.14 is the Court permitted to require the firearm specification portion of a defendant's sentence to be consecutive to a charge

in another county, while the remaining portion of the sentence is concurrent." *Id.*

{¶ 24} The State responds that the oral pronouncement of the sentence at the sentencing hearing and the sentence imposed in the judgment entry were consistent. The State explains, "Appellant claims that there are two separate sentences ordered in this case. The transcripts and sentencing entry suggest otherwise. Clearly the Court is ordering that the firearm specification be served consecutive to and prior to the remaining term in the instant case, which the court ordered to run concurrently with Appellant's Wood County case." Appellee's Brief, p. 6.

{¶ 25} We agree with the State that the sentence given orally by the trial court at the sentencing hearing was the same as the sentence it imposed in its judgment entry. However, on this particular record, that fact does not completely resolve this assignment of error, because Peeples also argues that R.C. 2929.14 did not permit the trial court "to require the firearm specification portion of a defendant's sentence to be consecutive to a charge in another county, while the remaining portion of the sentence is concurrent." While we agree with Peeples' contention that the plain language of R.C. 2929.14 does not appear to allow the trial court in this particular case to make any part of his sentence concurrent with the Wood County sentence, we conclude that the trial court's alleged error in doing so actually benefitted Peeples and constitutes harmless error.

{¶ 26} R.C. 2929.14(C)(1)(a) provides, in part:

[I]f a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony,

if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, *the offender shall serve any mandatory prison term imposed* under either division consecutively to any other mandatory prison term imposed under either division or under division (B)(1)(d) of this section, *consecutively to and prior to any prison term imposed for the underlying felony* pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, *and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.*

(Emphasis added.)

{¶ 27} Under the plain language of R.C. 2929.14(C)(1)(a), the three-year firearm specification had to be served consecutively to the previously imposed Wood County prison sentence.  Further, the three-year firearm specification had to be served prior but consecutively to the sentence for the underlying felony of attempted aggravated murder. In other words, the plain language of R.C. 2929.14(C)(1)(a) required Peeples to finish serving his 18-month Wood County sentence, then serve his three-year firearm sentence, and then serve his sentence for attempted aggravated murder, resulting in a total prison term of 10½ to 13½ years in prison.  Instead, the trial court ran his Miami County sentence concurrently to his Wood County sentence, resulting in a total prison sentence of 9 to 12 years in prison.  In short, Peeples benefitted from the trial court's alleged error

by receiving 18 fewer months of prison time. Therefore, we find the alleged error to be harmless. *See State ex rel. Fraley v. Ohio Dept. of Rehab. and Corr.*, 2020-Ohio-4410, ¶ 17 (precluding the Department of Rehabilitation and Correction from correcting a sentence where the court erroneously and to defendant's benefit ran sentences concurrently with rather than consecutively to firearm specifications and the State did not appeal the error); *State v. Warren*, 2006-Ohio-1281, ¶ 62 (7th Dist.), citing Crim.R. 52 ("The harmless error rule states that any error (including an error in sentencing) which does not affect the substantial rights of the defendant is harmless and may be disregarded by the court."). Further, the parties arguably invited any error when they recommended that the trial court run the Miami County underlying felony sentence concurrently with the Wood County sentence, despite the fact that the three-year firearm specification should have run consecutively to the Wood County sentence and prior and consecutively to the underlying felony sentence.

{¶ 28} The second assignment of error is overruled.

IV. The Trial Court Did Not Abuse Its Discretion by Denying Peeples' Motion to Withdraw His Guilty Pleas

{¶ 29} Peeples' third assignment of error states:

The Trial Court Erred in Denying Mr. Peeples's Motion to Withdraw his Plea, Because The Court Failed to Apply the Correct Standard and Because There was Manifest Injustice due to the Plea not Being Made Knowingly and Voluntary and the Pronounced Sentence was Contrary to

Law.

{¶ 30} We review decisions on motions to withdraw a guilty plea for an abuse of discretion. *State v. Greenlee*, 2020-Ohio-2957, ¶ 11 (2d Dist.). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 31} Crim.R. 32.1 governs withdrawals of guilty pleas and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Based on the language of Crim.R. 32.1, differing tests have developed based on whether the motion to withdraw a plea is made before or after sentencing.

{¶ 32} Generally, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). However, "a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Id.* "Even under the more lenient standard, a defendant must show a 'reasonable and legitimate basis for the withdrawal of the plea.' " *State v. Williamson*, 2008-Ohio-4727, ¶ 13 (2d Dist.), quoting *Xie* at 527. "A change of heart is not enough, and the trial court's

finding regarding [a defendant's] true motivation is entitled to deference." *Id.*

{¶ 33} If the motion to withdraw a guilty plea was made after sentencing, however, the defendant instead bears the higher burden of establishing a manifest injustice. *State v. Harris*, 2002-Ohio-2278, ¶ 7 (2d Dist.), citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. A postsentence motion to withdraw a guilty plea "is allowable only in extraordinary cases." *State v. Kongkeo*, 2012-Ohio-356, ¶ 2 (8th Dist.), citing *Smith* at 264.

{¶ 34} When a defendant discovers before sentencing the particular sentence a trial court intends to impose, we have held that a presentence motion to vacate a plea ordinarily should be treated as a motion made after sentencing. This is so because a defendant cannot test the sentencing waters and then move to vacate his plea just before sentencing if he receives an unpleasant surprise. *State v. Wallen*, 2007-Ohio-2129, ¶ 22 (2d Dist.).

{¶ 35} Peeples contends that his plea was not voluntary because the trial court did not follow the recommended sentence. According to Peeples:

> In addition to not being notified of having to report as a Violent Offender during the plea hearing, Mr. Peeples's plea was not voluntary in that the Sentence was contrary to law and his initial sentencing hearing did not impose the required Violent Offender registration requirement prior to the [sic] Mr. Peeples filing his Motion to Withdraw his plea. Further, the Trial Court imposition of consecutive sentences at the initial hearing is substantially different than the filed Sentencing Entry. Given the defects in

Mr. Peeples's sentence, the Motion should have been treated as a pre-sentence Motion and should have been granted.

Appellant's Brief, p. 13. Peeples concludes that "[e]ven if 'Manifest Injustice' was the proper standard in this situation, it was clearly met because Mr. Peeples's Plea was not Voluntary and his sentence was contrary to law." *Id.*

{¶ 36} The State responds that Peeples presented no testimony at the hearing on his motion to withdraw "as to how not being notified of his obligations to register as a violent offender was manifestly unjust." Appellee's Brief, p. 7. According to the State, Peeples "clearly wanted to withdraw [his] plea for the sole reason that the court did not follow the joint recommendation agreed to by the State and Appellant." *Id.* The State concludes that "[a]t no point during this entire proceeding has Appellant given any evidence to suggest that, had he known of the registration requirements, he would not have entered his guilty plea." *Id.* at 8.

{¶ 37} In his motion to withdraw his guilty pleas, Peeples stated that he needed to meet the manifest injustice standard. On appeal, however, Peeples now argues that he simply needed to meet the presentence standard rather than the more stringent manifest injustice standard. Peeples waived this argument by not making it to the trial court. Nevertheless, the facts of this case weigh in favor of applying the postsentence standard because Peeples, at the time he filed his motion to withdraw his guilty pleas, was well aware of the trial court's intention to sentence him to more prison time than the parties had recommended. Peeples' argument that his motion to withdraw his guilty pleas should have been granted because the trial court sentenced him to a greater amount of

prison time than that recommended by the parties constitutes nothing more than a change of heart after he found out the actual sentence he would receive. Such a change of heart is an insufficient basis on which to grant a motion to withdraw a guilty plea.

{¶ 38} The other argument raised by Peeples in this assignment of error is that the trial court's failure to provide him with notice that he would have to register as a violent offender rendered his guilty pleas less than knowing, voluntary, and intelligent. But he failed to provide any evidence at the hearing on his motion to withdraw his guilty pleas that he would not have pled guilty if he had been made aware of those registration requirements. Further, as the trial court found and we have previously held, "[C]lassification as a violent offender and enrollment into the violent offender database 'is a collateral consequence of the offender's criminal acts rather than a form of punishment per se.' " *State v. Hall*, 2021-Ohio-1894, ¶ 32 (2d Dist.), quoting *State v. Hubbard*, 2020-Ohio-856, ¶ 32 (12th Dist.). Therefore, the trial court was not required to inform him of the registration requirement prior to the acceptance of his guilty pleas.

{¶ 39} On the record before us, we cannot conclude the trial court abused its discretion when it denied Peeples' motion to withdraw his guilty pleas. The third assignment of error is overruled.

V. Conclusion

{¶ 40} Having overruled all of the assignments of error, the judgment of the trial court will be affirmed.

. . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.